(No. 14899.—Judgment affirmed.)

MARY JUNE O'ROURKE, Appellee, vs. MARSHALL FIELD & Co. Appellant.

*Opinion filed February 21, 1923—Rehearing denied April 5, 1923.*

1. NEGLIGENCE—*merchant providing playroom for patrons' children must use due care.* One who operates a store and maintains a playroom for children of patrons impliedly invites them to use the playroom and owes to them the duty to use reasonable care to see that the toys furnished for them to play with are reasonably safe; and a *prima facie* case of negligence is established by proof that a child of six years, while playing in the room, was injured by a fall from a rocking-horse because the hand-hold thereon was defective or not securely fastened.

2. SAME—*doctrine of res ipsa loquitur does not apply if there is evidence of specific negligence.* Where the evidence shows that the defendant, who kept a department store and maintained a playroom for children of patrons, was negligent in permitting the hand-hold on a rocking-horse furnished by it to become so defective and loose that the plaintiff fell and was injured while riding thereon, as charged in the declaration, the specific negligence alleged and proved renders the doctrine of *res ipsa loquitur* inapplicable.

3. SAME—*when instruction need not limit negligence to particular time.* Where the declaration alleges and the evidence proves facts which made it the duty of the defendant to protect the plaintiff in the use of the defendant's premises, an instruction that the jury should find for the plaintiff if they believe from the evidence that the accident which caused the injury was due to want of due and ordinary care on the part of the defendant need not allege that the negligence must have been operative at any particular time.

APPEAL, from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

FRANK P. LEFFINGWELL, for appellant.

GEORGE PFIRSHING, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, by her next friend, brought an action in the superior court of Cook county against the appellant for personal injuries. The declaration charged that the defendant was possessed of, owning, managing, operating and conducting a certain store, retail establishment and building located in the city of Chicago, and therein, on the fourth floor of the building, a certain playroom or recreation room for children; that it built, maintained and conducted such playroom for the amusement, entertainment and enjoyment of its customers and the public; that the plaintiff, who was a minor six years of age, was in said playroom at the invitation of the defendant and was playing with and riding on a certain rocking-horse in the possession of and maintained by the defendant; that "the defendant negligently and carelessly, wrongfully caused, allowed and permitted said horse or toy to become defective, broken, worn, weak and unprotected and improperly constructed and maintained, and in particular with a loose, defective, broken, insecure and improperly fastened handle or hand-hold or screw thereon," and that the plaintiff, while riding on said horse and holding onto said hand-hold, did, on account of the negligence of the defendant, while exercising due care on her own part, fall and was thrown off the rocking-horse to the floor, whereby she was injured. Appellant filed a plea of general issue, and on a trial the jury returned a verdict for plaintiff, assessing her damages at $1000. Upon a *remittitur* of $700 the defendant's motion for a new trial was denied. On appeal being prayed to the Appellate Court the *remittitur* was set aside and judgment entered for $1000. The Appellate Court required a *remittitur* of $650, which was entered, and affirmed the judgment, and, evidently considering that a new or unsettled point of law was involved, granted a certificate of importance.

We find no new or novel question in the case. The assignments of error raise the simple questions whether the

defendant owed a duty to the plaintiff, whether the doctrine of *res ipsa loquitur* applies, and the question of fact as to negligence.

Appellant contends that it owed no duty to the appellee; that there was no invitation, either expressed or implied, shown in the record. We do not so view the record. The declaration charges and the evidence shows that the play-room was conducted in connection with the business of appellant for the use and benefit of the children of customers. This necessarily implies a general invitation to anyone in the store accompanied by children to make use of the play-room at all proper times. (*Pauckner* v. *Wakem,* 231 Ill. 276.) Plaintiff being there by implied invitation, it was the duty of the appellant to use reasonable care in providing a reasonably safe place for the plaintiff to play.

Appellant contends that the language of the declaration charging that the defendant caused and permitted the hand-hold to become loose and defective must be construed to mean that the defendant knowingly caused and permitted the dangerous condition, and that there being no evidence in the record of notice to the appellant of any defect, the allegation that the appellant permitted this condition to arise is not sustained by the proof. With this we do not agree. The description given by the mother of the plaintiff as to how the accident occurred showed that the hand-hold pulled out of the toy horse; that it was not securely fastened and became detached while the child was on the horse. These facts, taken with the duty on the part of the appellant to maintain a reasonably safe place for children to play, establish a *prima facie* case of negligence. No testimony was offered on behalf of the appellant on that question. The evidence shows that the appellant kept a servant in attendance in this room.

It was not error on the part of the Appellate Court to hold that the record sustained the finding of the jury as to negligence. The declaration charged specific negligence

in allowing the hand-hold on the toy horse to become loose
and out of repair, and the evidence showed that the acci-
dent was caused by such condition of the hand-hold. The
doctrine of *res ipsa loquitur* does not, as is supposed, ap-
ply to this case. It does not apply where there is evidence
of specific negligence. That doctrine is, that while negli-
gence is not, as a general rule, to be presumed, yet where
the injury occurs as the proximate result of an act which
under ordinary circumstances would not, if done with due
care, have injured anyone, the case is taken out of the gen-
eral rule and becomes one in which there is a presumption
of negligence; also where the instrument effecting the in-
jury is shown to be under the management of the one
charged with negligence or his servants and the accident
is such as in the ordinary course of things does not hap-
pen if those who have the management of such instrument
use proper care, such fact affords reasonable evidence, in
the absence of explanation by the defendant, to raise the
presumption that the accident arose from negligence on the
part of the one having the management of such instru-
ment. In this case, as we have seen, the record shows neg-
ligence in permitting the hand-hold to become loose on the
toy in question. Moreover, the declaration charges such
negligence.

Appellant also contends that the court erred in giving
the second instruction offered by plaintiff. This instruction
is as follows:

"The court instructs the jury that if you believe from
the evidence that the plaintiff, Mary June O'Rourke, at the
time of the accident in question, was a child of the age of
five years, then she cannot because of her tender years, be
guilty of or charged with carelessness with respect to the
accident in this case, so as to relieve at all any want of due
care on the part of the defendant, Marshall Field & Co., so
that if the jury further believe from the evidence that the
accident causing the injury to plaintiff was due to want of

due and ordinary care by the defendant Marshall Field & Co., then you should find a verdict for the plaintiff."

The objection to this instruction is that there is no limitation in time, character or place as to the want of due and ordinary care on the part of defendant, but that the instruction is to find for the plaintiff without regard to when or where the lack of care occurred. Counsel cites in support of this contention *Herring* v. *Chicago and Alton Railroad Co.* 299 Ill. 214. In that case the instruction held bad told the jury that if they believed from a preponderance of the evidence that the plaintiff was injured while in the exercise of due care and caution for his own safety at and prior to the time of the accident, through negligence of the defendant, the jury should find the defendant guilty. The objectionable feature of that instruction was not that it did not limit the time of the occurrence of negligence, but that it did not limit the negligence to that charged in the declaration but authorized recovery for negligence generally. The same distinction is to be drawn between the case at bar and the case of *Gibbons* v. *Hoefeld,* 299 Ill. 455, also cited by appellant. We are of the opinion that the instruction is not open to the objection urged. Whether or not it is open to other objections is not here decided. The jury were told that if they believed from the evidence that the accident which caused the injury to the plaintiff was due to want of due and ordinary care on the part of the defendant they should find their verdict for the plaintiff. It is not necessary that negligence such as is charged here should have been operative for any particular length of time or at any particular time. The declaration charges, in effect, that it was the present proximate cause of the injury to plaintiff.

The record contains no reversible error, and the judgment will be affirmed.

*Judgment affirmed.*