(No. 6219

LUVONE C. SCOTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 21, 1973.*

HARRY S. POSNER, FRED S. POSNER and SAMUEL BUSSAS, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Luvone C. Scott, claimant, filed his claim for injuries sustained by him while he was an inmate at the Stateville Penitentiary and working on the Stateville Penitentiary Farm in Joliet, Illinois.

The record discloses that the claimant had been assigned by the respondent to labor in the corn cribs and around the farm and, in particular, in harvesting the corn crop and seeing that it was placed in the crib.

On the 11th day of November, 1970, claimant was engaged in unloading a load of corn which had been brought to the place for unloading by a John Deere tractor. It appears this tractor was a John Deere of 1950 vintage, which was one of the oldest tractors in use on the prison farm. This tractor was equipped with a hand clutch rather than the ordinary foot clutch.

The record discloses that if the tractor was allowed to run while stationary, there was considerable vibration and at times this vibration would place the tractor in gear.

On the day in question, this particular tractor had brought a load of corn and it was the duty of the claimant to unload it.

Immediately before the occurrence, the rig was backed in close to the corn cribs by an inmate who stopped the tractor approximately three feet away from the claimant, got off the tractor, left the motor running and gear selector in neutral, and left the scene. It also appears that the guard, who was on this detail, was not present at this particular time.

The trailer full of corn was hitched to the tractor, and to release it, it was necessary to pull the pin on the hitch. The claimant straddled the hitch in attempting to release the pin, and while doing so, heard a snap, turned around,

and the tractor, which had vibrated into reverse gear, pinned claimant between the tractor and the trailer. The tractor then ran over claimant with its right rear wheel, which was approximately five feet high with a large size tire. Claimant extracted his left leg and the tractor, still moving, caught his right leg which he freed, and it again caught his left leg, which he could not extricate.

The farm superintendent at the State Prison testified that the tractor in question was a 1957 model and operated with a hand clutch and had a separate gear selector. He also stated that the tractors that had a foot clutch were a lot safer. He also stated that the tractor in question had 50% more vibration than other tractors using a four cylinder motor because the engine is not balanced.

He further testified that despite his knowledge of the tractor's propensity to vibrate and despite his knowledge that the hand clutch was not as safe as the foot clutch, he had instructed his drivers, when called away, to leave the engine neutral. Such a procedure required the hand clutch to be pulled back and snapped into position so that it is disengaged. If disengagement is accomplished, the tractor may be left standing in gear and it will not move. If disengagement is not accomplished, the tractor may vibrate enough to throw the vehicle back into whatever gear in which the selector was set.

The nature and extent of claimant's serious and permanent injuries are not a subject of dispute.

Medical and hospital bills were introduced totalling $1,748.95, and a medical statement of Dr. Zeitl and State Penitentiary medical records were admitted, along with the medical records of Joliet Hospital and Dr. Duffy's report. In addition to these reports, there was a medical report submitted by Carlos Scuderi, M.D., an orthopedic surgeon from Chicago. His report indicated there was a reduced

fracture of the middle third of the left tibia held with four screws and that there was a further fracture of the middle third of the fibula without any screws. His diagnosis was "healed both bone fractures of the left leg united with very slight medial bowing, and scarification of the right loin with no apparent underlying bony or vascular pathology." The doctor concluded by saying that the present condition of the claimant was permanent.

Immediately after the accident, claimant was taken to St. Joseph Hospital where he stayed for 17 days, and was back in the hospital on 2 or 3 occasions. He used a walker for one month and crutches for 14 months. He contends that his left leg is 2 to 2½ inches shorter than his right leg, that he cannot run, and that he has difficulty in performing such simple operations as climbing stairs and putting on his trousers.

It is apparent from the record and the testimony of Captain Brown of the Prison staff that there were two other inmates injured at the same time and during the same occurrence as claimant was injured.

Respondent's position is that claimant has failed to sustain his burden of establishing by a preponderance of the evidence that he was free from contributory negligence since claimant had no right to expose himself to a known danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution, and cited the cases of *Alberts* vs. *Continental Grain Co.*, 220 F. 2d 847 (7th Cir. 1955), *Lovenguth* vs. *City of Bloomington*, 71 Ill. 238, and *Beidler* vs. *Branshaw*, 200 Ill. 425.

Respondent also takes the position that claimant may not rely upon the doctrine of *res ipsa loquitur* because this doctrine may be invoked only on charges of general negligence, citing three cases: *Jackson* vs. *919 Corp., et al,*

344 Ill. App. 519, 101 N.E. 2d. 594 (1951), *McClure* vs. *Hoopeston Gas and Electric Co.*, 303 Ill. 89, 135 N.E. 43 (1922), and *Thriege* vs. *State of Illinois*, 24 C.C.R. 470 (1964).

In the *Alberts* vs. *Continental Grain Co.*, 220 F. 2d. 847 (7th Cir. 1955) case, the claimant sustained an injury when a platform or hoist lifting a large grain hauling truck was lowered on his foot. The facts disclosed that the plaintiff had past experience with trucks and motor vehicle hoists and the Court held, as a matter of law, that plaintiff's failure to use due care to keep his foot out of the path of the truck was negligence which contributed proximately to the injury, and made the following statement:

"A party has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution."

The State alleges that claimant, in this particular cause, knew of the condition of the tractor, and that he voluntarily placed himself in a position where the accident might happen.

In response to the question of *res ipsa liquitur*, respondent's contention is that said doctrine can only be involked upon charges of general negligence, and that in the present case, general negligence was not alleged but only a specific act of negligence which caused the accident.

Respondent cites a number of cases to this effect, including *Traylor* vs. *The Fair*, 243 N.E. 2d, 200, and *O'Rourke* vs. *Marshall Field & Co.*, 307 Ill. 197, 138 N.E. 625, 27 A.L.R. 1014.

The doctrine of *res ipsa loquitur* requires the plaintiff to establish that the injuries complained of were caused by an agent or instrumentality within the control or management of the defendant, that plaintiff was free from contributory negligence, and that the result is one normally

not occurring without negligence in control or management of the agency or instrumentality.

The question before the Court thus resolves itself as to whether or not the claimant, a prison inmate who worked directly under the orders and supervision of the respondent's agents, knowing of the propensity of this particular tractor to vibrate and go into gear, was guilty of contributory negligence. It appears from the record that it was the direct instructions of the respondent's agents in requiring the claimant to do the work that occasioned the injuries.

It would appear that the ordinary doctrine of master and servant would not apply in a case such as this. In the ordinary master and servant case, servant has the right and ability to choose to a large degree whether he will or will not perform certain acts. This choice is doubtful in a case where a prison inmate, who takes orders directly, can be punished if they are not followed. To say the least, his right of choice is fairly limited.

This being the situation, the fact that the claimant placed himself in a position in which the accident resulted, cannot, in the opinion of the Court, be construed as contributory negligence.

The claimant has shown that this tractor was exclusively under the control of the respondent and that the injury would never have occurred without the negligence of the respondent, and that this negligence was the proximate cause of the injuries.

The question of damages cannot be measured by the amount of medical and hospital bills and the lost time alone. The "lost time" factor is negligible due to his incarceration and inability to work upon release from the prison hospital.

The medical evidence is undisputed that this is a severe and permanent injury and the record shows that there are still screws in the left tibia, which will be there permanently, and scarification of the right loin, which will also be permanent.

It is the opinion of this Court that claimant be awarded the sum of $22,000.00, less the amount due to the State of Illinois Department of Public Aid, which is in the amount of $2,799.46 as shown by respondent's Brief, which results in a new award of $19,200.54.

An award is hereby made in the amount of $22,000.00, less the expenditures above set forth.