MARY JEAN HODGES, Plaintiff-Appellee, v. ST. CLAIR COUNTY, ILLINOIS, Defendant-Appellant.

Fifth District    No. 5—93—0581

Opinion filed June 17, 1994.

Alvin C. Paulson, of Kassly, Bone, Becker, Dix, Reagan & Young, P.C., of Belleville, for appellant.

P.K. Johnson, Jr., of Johnson & Johnson, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

On April 22, 1990, Mary Jean Hodges, a 75-year-old woman, visited her son who was confined at the St. Clair County jail. Hodges had visited her son on at least three occasions, and on each of these occasions she sat on a stool equipped with a back. At some time between these visits and her April 22 visit the old stools were removed and replaced with new stools that were slightly lower and which were not equipped with backs. Eugene Compton, an employee of the St. Clair County jail who was responsible for the decision to replace

the stools, testified that he decided to replace the stools in the visitor's room because vandals were constantly ripping the upholstery on the seats and backs of the stools. Compton replaced the upholstered stools with a stainless steel version. On the date in question, Hodges attempted to seat herself, lost her balance, fell to the floor, and was injured. Her complaint alleged that the county negligently maintained and made changes to the seating arrangement without posting a notice or warning the public of those changes. The court in a bench trial found that the county negligently breached its duty to warn. The court further found Hodges 50% contributorily negligent and entered judgment for her in the amount of $20,536. The county appeals. We reverse.

Prior to trial the county filed a motion for summary judgment. The court had before it the discovery depositions of Hodges and Eugene Compton, defendant's employee who was responsible for the decision to replace the stools. The court denied the county's motion, stating in part:

"Defendant argues that it had no duty to warn or protect plaintiff from the condition of the chair upon which plaintiff sat on April 22, 1990; plaintiff argues that the issue involves fact questions for the trier of fact. Each side is incorrect.

Clearly the issue of whether defendant owed plaintiff a duty to warn or protect is one of law, not fact. The obviousness of the danger and plaintiff's own negligence affect whether and to what extent plaintiff is comparatively negligent; these factors do not affect the duty of the possessor of the premises. ***

*** In this case defendant knew or should have known that plaintiff would likely be looking at the person whom she had come to visit and be distracted from looking at the seat, that an elderly person such as plaintiff would likely be confused or thrown off balance when she sat down upon a surface different from that which she had been accustomed to feeling on the seat, that such reaction could readily affect her actions when sitting so that her natural movement upon sitting would be to lean or fall backward upon the seat, and that the lack of a seat back would be a dangerous condition to one such as plaintiff in such circumstances. The court finds that defendant owed a duty of care to plaintiff under these circumstances ***."

The county argues that the trial court erred in denying its motion for summary judgment. We agree.

A motion for summary judgment should be granted when the pleadings, depositions, and affidavits reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Balla v. Gambro, Inc.* (1991), 145 Ill. 2d

492, 508, 584 N.E.2d 104, 112.) The purpose of summary judgment is to determine whether a genuine issue of material fact exists that would require a trial. (*Gasdiel v. Federal Press Co.* (1979), 78 Ill. App. 3d 222, 226, 396 N.E.2d 1241, 1244.) In addition, the existence of a duty is a question of law properly decided on a motion for summary judgment because, absent a legal duty, there can be no recovery in negligence as a matter of law. *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465.

■ A duty to warn of a particular hazard will be imposed only where there is unequal knowledge, either actual or constructive, and the defendant knows or should know that injury may occur if no warning is given. (*Collins v. Hyster Co.* (1988), 174 Ill. App. 3d 972, 977, 529 N.E.2d 303, 306.) The general rule is reflected in the Restatement (Second) of Torts, section 343, which was adopted in *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 468, 343 N.E.2d 465, 472:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger." (Restatement (Second) of Torts § 343 (1965).)

In addition, *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223, adopted section 343A of the Restatement:

> "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Restatement (Second) of Torts § 343A (1965).)

*Ward* held that "reason to expect harm to visitors from known or obvious dangers may arise 'where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.' " *Ward*, 136 Ill. 2d at 149-50, 554 N.E.2d at 231, quoting Restatement (Second) of Torts § 343A, Comment *f*, at 220 (1965).

The trial court in this case based its decision on *Ward v. K mart Corp.* and *Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239. In *Ward*, the plaintiff was injured while carrying a large package out of the door at K mart when he ran into a five-foot post set into the ground. The post was totally obscured

from view by the package plaintiff was carrying. The court in that case held that K mart should have been aware that someone leaving the store with a large package could easily have the post obscured from his or her view and, therefore, K mart had a duty to warn its customers.

The *Ward* court held that the obviousness of a condition is relevant to the existence of a duty on the part of defendant. (*Ward*, 136 Ill. 2d at 143, 554 N.E.2d at 228.)

> "Certainly a condition may be so blatantly obvious and in such position on the defendant's premises that he could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition." (*Ward*, 136 Ill. 2d at 148, 554 N.E.2d at 230.)

The court continued:

> "We emphasize, however, that since the existence of a duty turns in large part on public policy considerations, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden upon the defendant, as well as the likelihood of injury and the possible serious nature of such an injury must also be taken into account." (*Ward*, 136 Ill. 2d at 151, 554 N.E.2d at 232.)

In *Ward*, the court held that defendant could reasonably have been expected to foresee that one of its patrons would block his vision with an object which he had purchased and would fail to see a five-foot-tall concrete post located outside of an entrance to its store.

■ Turning to the specific facts at bar, we cannot find that there is anything inherently dangerous about the stool. Under the facts presented, the stool was not unreasonably dangerous, nor does the plaintiff contend that it was. Instead she contends that the duty to warn arose because the stools previously had backs and she had come to rely on the presence of the backs on the stools. The stool, however, was within plaintiff's plain view, and under the circumstances the defendant in the exercise of reasonable care could not anticipate that the plaintiff would fail to notice that the stool had no back. *Ward* states the inquiry as "whether the defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but who may reasonably be expected to be distracted, or forgetful of the condition after having momentarily encountered it." (*Ward*, 136 Ill. 2d at 152, 554 N.E.2d at 232.) No facts were presented that there was anything which may have obstructed Hodges' view of the stool before she sat down. There are no facts presented that defendant was aware or should have been aware that plaintiff's vision was diminished, or

that defendant could reasonably anticipate that upon Hodges' seeing her son she would be distracted and fall to the floor.

In *Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239, the plaintiff was injured when he stepped out of a portable toilet facility on a construction site, looked up to see if debris was being thrown off the roof of the building under construction, stepped into a tire track rut, fell down, and injured his back. The court held that the plaintiff was justifiably distracted due to the concerns for his safety, as opposed to being merely inattentive.

"Despite the obviousness of the rut, *** [plaintiff] became distracted upon exiting the bathroom. Plaintiff testified that he looked up when he left the bathroom because workers had previously thrown construction materials off a balcony located near and above the bathroom. It is reasonable to expect that defendant, as the general contractor on this project, was aware workers had been throwing materials off a balcony on one of two buildings under construction on the site. *** Defendant thus had reason to anticipate that a construction worker exiting the enclosed bathroom, even in the exercise of ordinary care, would be momentarily distracted by the fear of possible falling debris from the balcony overhead, and stumble in a rut he would have otherwise noticed and avoided." *Deibert*, 141 Ill. 2d at 438-39, 566 N.E.2d at 243.

In this case Hodges testified that she was not distracted with looking at her son. Moreover, no facts were presented to establish that Hodges was momentarily inattentive or preoccupied with something which could cause her to have concern for her own safety. Under the circumstances Hodges does not meet the criteria set forth in *Ward* and *Deibert*.

Just what constitutes a distraction has not been defined, but a possessor of land need not anticipate every conceivable distraction that a patron may succumb to. The standard is "whether the defendant should reasonably anticipate injury to those entrants on his premises who are generally *exercising reasonable care for their own safety*." (Emphasis added.) (*Ward*, 136 Ill. 2d at 152, 554 N.E.2d at 232.) A defendant is not imposed with the burden of rendering its premises injury-proof. (*Ward*, 136 Ill. 2d at 156, 554 N.E.2d at 234.) Hodges testified that she was not distracted with seeing her son. Moreover, she was aware that the stools had no backs. Furthermore, no facts were presented demonstrating that defendant, under the circumstances, should have reasonably anticipated Hodges' injury.

In sum, we hold that the trial court erred in finding that a duty existed and in denying the county's motion for summary judgment. Pursuant to our authority to enter any judgment that ought to have

been given, we hereby enter summary judgment on behalf of St. Clair County. (See 134 Ill. 2d R. 366(a)(5).) Because of our decision, the other issues raised on appeal need not be discussed. The judgment of the circuit court is reversed, and judgment is hereby entered for the County of St. Clair.

Reversed; judgment entered.

LEWIS, P.J., and WELCH, J., concur.