6 June 2000

No. 2--99--0707   __________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

___________________________________________________________________

JOSEFINE NICKEL,  ) Appeal from the Circuit Court 

  ) of Kane County.

Plaintiff-Appellant,    ) 

  )

v.  ) No. 98--L--0431

  ) 

HOLLYWOOD CASINO-AURORA, INC.,  ) Honorable

  ) Timothy Q. Sheldon,

Defendant-Appellee.  ) Judge, Presiding. 

___________________________________________________________________

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Josefine Nickel, appeals from the June 1, 1999, order of the circuit court of Kane County granting the defendant's motion for summary judgment on her complaint for personal injuries.  On appeal, the plaintiff argues that the trial court misapplied the law and that questions of material fact still exist.  We affirm.

On August 17, 1998, the plaintiff filed a negligence action against the defendant, Hollywood Casino-Aurora, Inc.  As amended, the complaint alleged that, on August 20, 1996, the plaintiff entered the defendant's premises as a patron.  Upon entering the casino, the plaintiff informed the defendant's employees that she had difficulty walking and standing due to her arthritis and a previously fractured hip.  She therefore requested a wheelchair.  The defendant's employees told her that no wheelchair was available.  Instead, the plaintiff was given an upholstered metal stool.  The stool had neither rubber nor nonslide caps at its ends.  The complaint alleged that, as the plaintiff was attempting to seat herself on the stool, the metal legs of the stool slid out from under her, causing her to land on her buttocks "with great force."

The complaint alleged that the defendant had breached its duty to the plaintiff by failing to provide her with a safe seat to sit upon.  The complaint alleged that, as a result of the fall, the plaintiff suffered a fracture to her left hip.  The plaintiff sought damages in excess of $50,000.

On January 20, 1999, the defendant filed an answer to the plaintiff's complaint, denying all material allegations.  On or about April 8, 1999, the defendant filed a motion for summary judgment.  The defendant argued that it was not liable for the plaintiff's injuries because the plaintiff could not establish that the stool was defective or that the defendant had any notice that the stool was defective.  In support of its motion, the defendant attached a copy of the deposition transcripts of the plaintiff and her daughter, Helga Rietz.  The testimony of these depositions is summarized below.

The plaintiff testified that, upon entering the casino, she asked an employee of the defendant if there was a wheelchair available for her use.  She was informed that none were available.  The plaintiff then walked, with the aid of her cane, to an elevator.  After exiting the elevator, she walked along the entrance hallway to the defendant's casino gaming area.  While walking, the plaintiff observed a stool.  The stool was about as high as her hip.  As she approached the stool, she put her right hand on it.  She then raised her right foot and attempted to sit down on the stool.  As she was attempting to sit down, the stool slipped, causing her to fall.  The plaintiff never actually sat on the stool and did not know whether or not she pushed the stool away from her with her right hand.

The plaintiff testified that she did not recall the color of the stool, how many legs the stool had, or whether the legs of the stool had wheels on them.  She never saw the stool again after her fall.  The plaintiff further testified that she did not know what caused the stool to slip away from her, and she did not know of any witnesses to her fall.

Helga Rietz testified that she had driven the plaintiff to the casino on the day in question.  Rietz testified that she dropped the plaintiff off at the casino entrance and then went to look for a parking spot.  Reitz stated that, upon entering the casino, she descended the stairs to the lower level and observed the plaintiff lying on the terrazzo floor.  Several casino employees were surrounding the plaintiff.  Rietz asked the plaintiff what had happened, and the plaintiff said something about a stool.  Rietz testified that she did not see any stool or chair in the entrance hallway.  Rietz then asked several casino employees about the stool.  However, all of them informed her that the stool had been put away.

On April 26, 1999, the plaintiff filed her response to the defendant's motion for summary judgment.  The plaintiff argued that she was not required to produce any evidence of a defect in the stool.  Rather, she argued that she was entitled to invoke the doctrine of 
res
 
ipsa
 
loquitur
 because her fall from the stool was one that would have not ordinarily occurred in the absence of negligence.  The plaintiff argued that the raising of this inference was sufficient to defeat the defendant's motion for summary judgment.

On June 1, 1999, the trial court granted the defendant's motion for summary judgment.  The trial court found that the plaintiff had failed to allege or prove that the stool was defective, that the defendant had any knowledge that the stool was defective, or that the defendant was in any other way negligent.  The trial court did not specifically address in its order whether the doctrine of 
res
 
ipsa
 
loquitur
 was applicable to the case at bar.  On June 22, 1999, the plaintiff filed a timely notice of appeal.

On appeal, the plaintiff argues that the trial court misapplied the law in entering summary judgment for the defendant. The plaintiff argues that occupiers of land who use their land for business have a duty to maintain their premises, including their seating, in a safe condition for their patrons.  The plaintiff contends, therefore, that the trial court erred in finding that the defendant's liability was conditioned upon its having notice of the alleged defect in the stool.  The plaintiff additionally argues that the trial court erred in not applying the doctrine of 
res
 
ipsa
  
loquitur
 because the evidence in the case suggests that the plaintiff would have not been injured in the ordinary course of events but for the defendant's negligence.  Furthermore, the plaintiff argues that several material questions of fact remained so as to preclude the entry of summary judgment in the defendant's favor. 

At the outset, we note that the purpose of a motion for summary judgment is to determine whether a genuine issue of triable fact exists (
Purtill v. Hess
, 111 Ill. 2d 229, 240 (1986)) and that such a motion should be granted only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (735 ILCS 5/2--1005(c) (West 1998)
).  An order granting summary judgment should be reversed if the evidence shows that a genuine issue of material fact exists or if the judgment was incorrect as a matter of law.  
Clausen v. Carroll
, 291 Ill. App. 3d 530, 536 (1997).  In addition, the existence of a duty is a question of law properly decided on a motion for summary judgment because, absent a legal duty, there can be no recovery in negligence as a matter of law.  
Hodges v. St. Clair County
, 263 Ill. App. 3d 490, 492 (1994).

A duty to warn of a particular hazard will be imposed only where there is unequal knowledge, either actual or constructive, and the defendant knows or should know that injury may occur if no warning is given.  
Hodges
, 263 Ill. App. 3d at 492.  The general rule is reflected in the Restatement (Second) of Torts, section 343, which was adopted in 
Genaust v. Illinois Power Co.
, 62 Ill. 2d 456, 468 (1976):

  "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

  (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and 

   (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

  (c) fails to exercise reasonable care to protect them against the danger."  Restatement (Second) of Torts § 343 (1965).

Additionally, 
Ward v. K mart Corp.
, 136 Ill. 2d 132, 149 (1990), adopted section 343A of the Restatement:

  "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."  Restatement (Second) of Torts § 343A(1) (1965).

Under section 343A, the reason to anticipate harm to visitors from known or obvious dangers may arise where the possessor has reason to expect that the invitee's attention may be distracted.  
Ward
, 136 Ill. 2d at 149-50.  However, a condition may be so blatantly obvious and in such a position on the defendant's premises that the defendant could not reasonably anticipate that people will fail to protect themselves from any danger posed by the condition.  
Ward
, 136 Ill. 2d at 148.

Turning to the case at bar, we believe that the plaintiff has failed to show that there was anything inherently or unreasonably dangerous about the stool so as to put the defendant on notice of a possible defect.  Moreover, the plaintiff presented no facts that there was anything that may have obstructed or distracted her view of the stool before she sat down.  Absent any such facts, the plaintiff failed to present sufficient evidence so as to defeat the defendant's motion for summary judgment. 

Notwithstanding the above-cited case law, however, the plaintiff argues that she was not required to show that the defendant had knowledge of the defective condition of the stool.  The plaintiff argues that a defendant's liability for an injury occurring on its premises is not conditioned upon its having advance notice of a defect on its premises.  See 
O'Rourke v. Marshall Field & Co.
, 307 Ill. 197, 199 (1923); 
Sepesy v. Fuller
, 59 Ill. App. 3d 56, 59 (1978); 
Maytnier v. Rush
, 80 Ill. App. 2d 336, 344 (1967).  

We find the plaintiff's argument unpersuasive and the authorities she relies upon inapplicable to the case at bar.  In 
O'Rourke
, our supreme court held that a landowner's knowledge of a defective condition on its premises is irrelevant to imposing liability on that landowner for an invitee's injuries.  
O'Rourke
, 307 Ill. at 199-200.  In 
Sepesy
 and 
Maytnier
, both reviewing courts found that an owner's actual knowledge of a dangerous condition on his property was not a prerequisite to his liability.  
Sepesy
, 59 Ill. App. 3d at 59; 
Maytnier
, 80 Ill. App. 2d at 344. However, as these cases conflict with our supreme court's holdings in 
Genaust
, 
Ward
, and its progeny, we do not believe that the plaintiff's authorities constitute the law in this state, and we therefore decline to follow them.

We also find without merit the plaintiff's argument that the trial court erred in not applying the doctrine of 
res
 
ipsa
 
loquitur
 to it case.  
Res
 
ipsa
 
loquitur
 is a rule of evidence that allows an inference or presumption of negligence to be raised by circumstantial evidence.  
Dyback v. Weber
, 114 Ill. 2d 232, 238 (1986).  When 
res
 
ipsa
 
loquitur
 is invoked, the plaintiff bears the burden of proving that (1) the occurrence is one that ordinarily does not occur in the absence of negligence; and (2) the defendant had exclusive control of the instrumentality that caused the injury.  
Dyback
, 114 Ill. 2d at 242.  The doctrine of 
res
 
ipsa
 
loquitur
 does not apply if the injury can be as readily attributed to pure accident as to negligence.  
Silverman v. General Motors Corp.
, 99 Ill. App. 3d 593, 599 (1981).

Here, the plaintiff presented no reason for the application of the 
res
 
ipsa
 
loquitur
 doctrine.  The plaintiff presented no evidence, through her deposition testimony or otherwise, that the stool at issue was under the exclusive control or management of the defendant.  The plaintiff also failed to present any evidence that she would not have fallen from the stool but for an act of negligence by the defendant.  In her deposition, the plaintiff testified that she did not know what caused the stool to slip away nor did she recall the condition of the stool.  Although the plaintiff's fall may have been due to a defective stool, it is also possible that the plaintiff simply slipped off the stool.  As the plaintiff did not present any facts indicating that her fall was more than just an accident, this was an improper case for the application of the 
res
 
ipsa
 
loquitur
 doctrine.  See 
Silverman
, 99 Ill. App. 3d at 599.

Finally, we reject the plaintiff's argument that summary judgment was inappropriate in this case because numerous questions of material fact remained.  The plaintiff contends that many questions remain as to how the accident occurred and whether the defendant failed to use reasonable care in preventing the accident.  However, as discussed above, the defendant could not be liable for the plaintiff's injuries unless it knew that the stool was defective or by reasonable investigation could have discovered such a defect.  See 
Hodges
, 263 Ill. App. 3d at 492.  As the plaintiff failed to present any factual basis that the defendant did have such knowledge, the trial court properly granted the defendant's motion for summary judgment.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

McLAREN and COLWELL, JJ., concur.