31 July 2000

Nos. 2--99--0601, 2--99-0602, 2--99-0685, 2--99-0892 cons.

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

ADELINE COSGROVE,               ) Appeal from the Circuit Court

                                ) of Du Page County.

     Plaintiff-Appellant,       )

                           )

v.                              ) No. 96--L--1410     

                                )          

COMMONWEALTH EDISON COMPANY
 
  )

AND NORTHERN ILLINOIS GAS )

COMPANY, )

)

Defendants-Appellees )

)

(Commonwealth Edison Company, )

Counterplaintiff-Appellant;          ) Honorable

Northern Illinois Gas Company,  ) Edward R. Duncan, Jr.,

Counterdefendant-Appellee).     ) Judge, Presiding.

 ________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Adeline Cosgrove, appeals from the trial court's orders granting summary judgment in favor of defendants, Northern Illinois Gas Company (NiGas) and Commonwealth Edison (ComEd).  ComEd also appeals from the dismissal of its counterclaim for contribution against NiGas.  We affirm in part, reverse in part, and remand.

On July 25, 1995, Cosgrove and her roommate, William Bozic, noticed the power lines sparking in the alley behind their residence.  The lines were still sparking when Cosgrove and Bozic went to bed.  At approximately 3 a.m. on July 26, a fire erupted in the alley behind Cosgrove's home.  Bozic saw an electrical wire fall to the ground during a storm and a nearby tree catch on fire.  Both Cosgrove and Bozic also observed a tall blue flame shooting into the air.

On December 31, 1996, Cosgrove filed a four-count complaint, with counts sounding in negligence and 
res ipsa loquitur
 against both ComEd and NiGas.  ComEd filed a counterclaim for contribution  against NiGas.  Cosgrove filed amended and second amended complaints, eventually alleging negligence and 
res ipsa loquitur
 against both defendants and spoliation of evidence against NiGas.

On April 15, 1999, the trial court granted NiGas's motion for summary judgment on all counts against it contained in Cosgrove's second amended complaint.  Subsequently, the trial court also granted summary judgment in NiGas's favor on ComEd's counterclaim.  ComEd was granted summary judgment on count III of Cosgrove's second amended complaint alleging 
res ipsa loquitur
.  The trial court made each of these orders final and appealable pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).  This appeal followed.

Cosgrove contends that the trial court erred in granting summary judgment to ComEd and NiGas.  Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with the affidavits, demonstrate that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  
McNamee v. State
, 173 Ill. 2d 433, 438 (1996).  A trial court considering a summary judgment motion must construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the nonmovant.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 131-32 (1992).  Summary judgment should be granted only where the movant's right to judgment is clear and free from doubt; it should be denied where a reasonable person could draw divergent inferences from undisputed facts.  
Outboard Marine
, 154 Ill. 2d at 102.  On appeal, summary judgment rulings are given a 
de novo
 review.  
Outboard Marine
, 154 Ill. 2d at 102.

Cosgrove first argues that summary judgment was improperly granted in NiGas's favor on count II of the second amended complaint, which alleged that NiGas was negligent in its installation, maintenance, and inspection of its gas lines.  A NiGas natural gas pipe line ran in the alley behind Cosgrove's residence.  Cosgrove alleged that the pipe leaked on or about July 25-26, 1995, and the escaping gas ignited, causing a large fire and releasing toxic gases, thereby injuring Cosgrove.

To properly state a cause of action in negligence, a plaintiff must establish the following elements: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injuries.  
Nowak v. Coghill
, 296 Ill. App. 3d 886, 892 (1998).  NiGas argues that it did not owe a duty to Cosgrove unless it had notice of a leak or possible defect.  
This is not the law.  As our supreme court has stated:

"Gas is a dangerous commodity, and the corporation which undertakes to furnish such service must exercise a degree of care commensurate to the danger which it is its duty to avoid and must use every reasonable precaution in guarding against injury to the person or property of others."  
Metz v. Central Illinois Electric & Gas Co.
, 32 Ill. 2d 446, 450 (1965).

NiGas's argument, if adopted, would allow a gas company to forego inspection and maintenance of its facilities and escape liability for damages if no one reported the smell of gas before a gas line exploded.  Clearly, NiGas owes a duty to inspect and maintain its lines so that it can safely provide gas to its customers.  See 
Oliver v. Peoples Gas Light & Coke Co.
, 5 Ill. App 3d 1093, 1098 (1972) ("Defendant supplies a potentially dangerous explosive commodity.  By virtue of its superior knowledge of that commodity's characteristics, defendant is obligated to safeguard those it supplies").  In this case, ignorance is not bliss.

We must next address the element of a breach of duty.  At the time of the fire, the Westmont fire department and a ComEd crew responded to the scene.  NiGas was not notified of the fire.  In their depositions, neither Cosgrove, Bozic, Fire Captain Richard Bocek, nor any of the ComEd crew members could recall noticing the smell of natural gas before or during the fire.  It was only several hours after the fire had been extinguished that the Westmont fire department was recalled to the scene because of the smell of gas, and a NiGas crew was called in by the fire department personnel after they detected a leak in the gas line in the alley behind Cosgrove's residence.  However, both Cosgrove and Bozic stated that they saw a large blue flame shooting up from the ground at the time the tree started on fire.  This evidence raises the question of whether gas leaking from NiGas's pipe contributed to the fire that allegedly caused Cosgrove's injuries.  If it did, then the question of whether a breach of NiGas's duty to safely supply gas remains.  Thus, construing the pleadings, depositions, admissions, and affidavits strictly against NiGas, we conclude that a material question of fact remains regarding the role of natural gas in the fire and NiGas's responsibility for the leak of the gas.  Therefore, the trial court erred in granting summary judgment in favor of NiGas on count II of the second amended complaint.

Cosgrove next argues that the trial court erred in granting summary judgment in favor of the defendants on counts III and IV, which alleged 
res ipsa loquitur
 against ComEd and NiGas, respectively.  The doctrine of 
res ipsa loquitur
 allows an inference or presumption of negligence to be raised by circumstantial evidence.  
Dyback v. Weber
, 114 Ill. 2d 232, 238 (1986).  When 
res ipsa loquitur
 is invoked, the plaintiff bears the burden of proving that (1) the occurrence is one that would not ordinarily occur in the absence of negligence; and (2) the defendant had exclusive control of the instrumentality that caused the event.  
Nickel v. Hollywood Casino-Aurora, Inc.
, No. 2--99--

0707, slip op. at 8 (June 6, 2000).  
Res ipsa loquitur
 does not apply if the injury can be as readily attributed to pure accident as to the defendant's negligence.  
Nickel
, No. 2--99--0707, slip op. at 8.

Looking forward to count III, we conclude that the trial court properly granted summary judgment in favor of ComEd.  Count III concludes that the fire at issue here was of the kind that "would not occur absent negligence of some kind on the part of" ComEd.  We disagree.  Negligence is not ordinarily the sole reason for a downed power line.  Other forces may cause a downed power line, such as wind, lightning, storm, or an animal chewing through the wire.  Captain Bozek of the Westmont fire department stated in his deposition that any of those things could have brought the line down.  During the night in question, there had been strong storms, and rain was still falling when the fire crew arrived at the scene.  There are injuries that may result from occurrences without fault on the part of anyone.  
Erckman v. Northern Illinois Gas Co.
, 61 Ill. App. 2d 137, 145 (1965).  A fire caused by a fallen power line may not result solely from negligence; therefore, 
res ipsa loquitur
 did not lie against ComEd in this case.

Addressing count IV, we conclude that the trial court erred in granting summary judgment in favor of NiGas.  A ruptured gas line feeding a fire does not ordinarily occur in the absence of negligence.  Gas mains are buried beyond the reach and interference of the general public, and the probability is great that breaks therein are occasioned by defects in the pipes or improper utilization thereof.  
Metz
, 32 Ill. 2d at 451.  In the ordinary course of events, gas explosions and fires do not occur; when one does occur, an inference of fault is justifiable.  See 
Metz
, 32 Ill. 2d at 451.  This inference may be explained or rebutted.  
Metz
, 32 Ill. 2d at 449.  However, even if the gas company is blameless, its superior knowledge of the facts at hand and its responsibility to the community create a duty to come forward and make an explanation.  
Metz
, 32 Ill. 2d at 451.  

Citing, among others, 
Cox v. Yellow Cab Co.
, 61 Ill. 2d 416 (1975), NiGas argues that 
res ipsa loquitur
 is inapplicable when one of the instrumentalities that cause the injury is not under the control or management of the defendant.  See 
Cox
, 61 Ill. 2d at 421.  NiGas does not argue that it was not in exclusive control of its pipeline; however, it argues that it was not in control of the power line, which was "a" cause of the fire.  However, it has long been held that, if escaping gas is a proximate cause of the plaintiff's injury, the immediate cause of ignition is irrelevant.  See 
McClure v. Hoopeston Gas & Electric Co.
, 303 Ill. 89, 98-100 (1922); 
Bubrick v. Northern Illinois Gas Co.
, 130 Ill. App. 2d 99, 107 (1970).  The sparking provided by the power line would have been merely a condition that acted upon the release of the gas, no more the cause than if Cosgrove had been standing near the gas line smoking a cigarette that then ignited the gas.  Furthermore, the presence of some control or possession in a person other than defendant does not necessarily destroy the application of 
res ipsa loquitur
.  
Erckman
, 61 Ill. App. 2d at 148.  One must look at the nature of the surrounding circumstances and the intervening control of another.  
Erckman
, 61 Ill. App. 2d at 148.  In 
Erckman
, 
res ipsa loquitur
 was held to apply against Northern Illinois Gas for a gas leak that eventually exploded, even though the plaintiff had also alleged negligence against a plumbing contractor that had done work on the street near the gas line, allegedly damaging the pipe.  Here, ComEd's possession of the power line is irrelevant.  The spark provided by that line does not negate NiGas's duty to safely transport gas through its pipeline.  
Res ipsa loquitur
 was properly pleaded against NiGas, and the trial court erred in granting summary judgment in NiGas's favor.

Cosgrove next contends that the trial court erred in granting summary judgment in NiGas's favor on count V, which alleged spoliation of evidence.  When it repaired the gas leak on July 26, NiGas removed the piece of pipe from which the gas escaped.  The piece of pipe has now been lost or destroyed by NiGas. 

There exists in Illinois no independent cause of action for spoliation of evidence; however, an action for negligent spoliation can be stated under general negligence law.  
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 192-93 (1995).  Thus, to state a cause of action for negligent spoliation, a plaintiff must plead the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages.  
Boyd
, 166 Ill. 2d at 194-95.

In general, there is no duty to preserve evidence; however, such a duty may arise through an agreement, a contract, a statute, a "special circumstance," or by affirmative conduct.  
Boyd
, 166 Ill. 2d at 195.  In any of those instances, a defendant owes a duty of care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.  
Boyd
, 166 Ill. 2d at 195.  Causation must be alleged by sufficient facts to support a claim that the loss or destruction of evidence caused the plaintiff to be unable to prove an underlying lawsuit.  
Boyd
, 166 Ill. 2d at 196. The plaintiff must demonstrate that, but for the defendant's loss or destruction of the evidence, the plaintiff had a 
reasonable probability
 of succeeding in the underlying suit; the plaintiff need not show that he or she 
would have
 prevailed.  
Boyd
, 166 Ill. 2d at 196-97, n.2. 

Because we have reinstated the claim of 
res ipsa loquitur
 against NiGas, this issue has become moot.  With a valid 
res ipsa loquitur
 claim in place, the burden is on NiGas to demonstrate that the gas leak and fire did not result from its negligence.  The missing section of pipe will not prevent Cosgrove from proving her case; it may prevent NiGas from bearing its burden.  Since the loss of the pipe will not prevent Cosgrove from proving her case, there is no issue of material fact present, and summary judgment was proper.

ComEd also appeals from the trial court's order granting summary judgment in favor of NiGas on ComEd's counterclaim seeking contribution from NiGas.  Since we have reinstated the negligence and 
res ipsa loquitur
 counts against NiGas, NiGas is "subject to liability in tort" pursuant to section 2 of the Joint Tortfeasor Contribution Act (740 ILCS 100/2 (West 1998)), and summary judgment in NiGas' favor was improper.  Therefore, we reverse the trial court's grant of summary judgment on the counterclaim.

For these reasons, the judgment of the circuit court of Du Page County is reversed as to counts II and IV and affirmed as to counts III and V of Cosgrove's second amended complaint, and reversed as to ComEd's counterclaim, and the causes are remanded for further proceedings.

Affirmed in part and reversed in part; cause remanded.

GEIGER and COLWELL, JJ., concur.