2026 IL App (1st) 250323-U

No. 1-25-0323

Order filed March 25, 2026

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

─────────────────────────────────────────────

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

─────────────────────────────────────────────

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) ) | Appeal from the Circuit Court of |
| Plaintiff, | ) ) | Cook County |
| v. | ) ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, a Municipal Corporation, and MICHAEL DELMONICO, | ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) ) | No. 2019 CH 13751 |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) | |
| Third-Party Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| TOTAL FACILITY MAINTENANCE, INC., | ) ) | Honorable Alison C. Conlon, |
| Third-Party Defendant-Appellee. | ) | Judge Presiding. |

─────────────────────────────────────────────

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court did not err in granting summary judgment in favor of Total Facility
            Maintenance, Inc. (TFM) and against the Board of Education of the City of Chicago
            (Board).

¶ 2     In this interlocutory appeal, the Board challenges the trial court's order granting summary
judgment against it and in favor of TFM. In the underlying action, the Board sought reimbursement
of workers' compensation benefits it paid to a teacher who was injured in a workplace slip-and-
fall, allegedly due to TFM's negligence. For the reasons that follow, we affirm the trial court's
order.

¶ 3                                    I. BACKGROUND

¶ 4     The following background facts and procedural history are taken from the common law
record, the parties' appellate briefs, and this court's decision in *Westfield Insurance Company v.
Board of Education of the City of Chicago*, 2021 IL App (1st) 210531-U. On January 22, 2008,
Michael Delmonico, a teacher employed by the Board, was injured when he slipped and fell while
working at Corliss High School. The floor on which the accident occurred had been waxed and
buffed by TFM, a janitorial service company under contract (TFM Contract) with the Board. The
TFM Contract required TFM to obtain commercial general liability insurance (CGL) and name the
Board as an additional insured on the policy. TFM's CGL was issued by the Westfield Insurance
Company (Westfield).

¶ 5     Delmonico filed a workers' compensation claim with the Illinois Workers' Compensation
Commission on May 6, 2009 (09 WC 19751). On January 21, 2010, he filed a personal injury
lawsuit in the law division of the circuit court of Cook County (2010 L 0931, refiled as 2017 L
7278), alleging various acts of negligence by TFM. Pursuant to section 5(b) of the Illinois
Workers' Compensation Act (Act) (820 ILCS 305/5(b) (West 2008)), the Board asserted a

statutory lien against any recovery Delmonico might ultimately obtain.

¶ 6 On or about July 1, 2019, the Board's legal counsel sent a tender letter to TFM's defense counsel requesting acknowledgment that TFM had a contractual duty to indemnify and defend the Board against the workers' compensation claim. The Board maintained that it had already paid $282,579.15 on the workers' compensation claim, in addition to fees and costs in defense of the action. Upon receiving the tender, Westfield filed a complaint in the chancery division of the circuit court (2019 CH 13751), seeking a declaration that it had no duty to defend or indemnify the Board. According to Westfield, the Board did not "qualify as an additional insured under the CGL portion of the Westfield policy with respect to the workers' compensation case because the workers' compensation case" did "not create any 'liability of the Board.' "

¶ 7 In response, the Board filed a third-party complaint against TFM alleging that the indemnity clause required TFM to "indemnify the Board for damages suffered as a result of TFM's negligence – namely losses paid to Delmonico." In support of this argument, the Board pointed to section II, paragraph 42 of the TFM Contract which provides in relevant part:

"[TFM] agrees to defend, indemnify and hold harmless the Board *** against all liabilities, losses, penalties, damages and, expenses, including costs and attorney fees, arising out of all claims, liens, damages, obligations, actions, suits, judgments or settlements, or causes of action, of every kind, nature and character arising or alleged to arise out of the negligent or willful acts or omissions of [TFM]."

¶ 8 The Board maintained that TFM's refusal to indemnify breached this contract clause and constituted fraud.

¶ 9 TFM moved to dismiss the third-party complaint. TFM argued, among other things, that in light of the personal-injury action pending against it in the law division, it would be premature to

3

decide the indemnification issue in a declaratory judgment action, prior to resolving whether TFM's alleged negligent acts or omissions caused Delmonico's injuries.

¶ 10    Following cross-motions for summary judgment, the trial court entered an order staying Westfield's declaratory judgment action pending resolution of the personal-injury action. The trial court stated in relevant part:

"[I]f TFM caused Delmonico's alleged injuries by its acts or omissions, in whole or in part, then this Court could reasonably conclude that the Board would not have been subject to workers' compensation liability but for TFM's conduct. In other words, had TFM not acted negligently, the workers' compensation proceedings would not have occurred. Conversely, if TFM is found not liable in the Law Division Case, then the Board's workers' compensation liability did not arise from bodily injury caused by TFM's acts or omissions, but rather from the Board's status as an employer. These determinations will affect the analysis of whether the Board is an 'additional insured' under the CGL Policy. Their pendency creates a genuine issue of material fact that precludes summary judgment at this time."

¶ 11    In response, Westfield filed an interlocutory appeal from this portion of the order. On August 20, 2021, this court affirmed the trial court's judgment. *Westfield Insurance Company,* 2021 IL App (1st) 210531-U, ¶¶ 31-35.

¶ 12    On February 22, 2022, Delmonico and TFM settled the personal-injury action for $780,000. As part of the settlement agreement, the Board agreed to accept $341,250 in full and final satisfaction of its workers' compensation lien.

¶ 13    The Board claimed it ultimately paid Delmonico $710,766.35 on his workers' compensation claim and incurred costs of $23,646.59. Thus, according to the Board, it still had

$369,516.35 in outstanding damages, and $23,646.59 in costs.

¶ 14    On May 18, 2022, the Board filed its first amended third-party complaint in the chancery division, again requesting indemnification and asserting breach of contract. TFM moved to dismiss. It argued that the parties did not intend the indemnity clause to apply to workers' compensation claims. TFM stated that "[v]iewing the totality of the terms of the TFM Contract, none of the protections accorded to the Board included a requirement that TFM provide for Workers' Compensation claims of employees of the Board." Rather, the contract "expressly required TFM to provide Workers' Compensation Insurance Coverage for Employees of TFM."

¶ 15    In addition, TFM noted that as part of the settlement of Delmonico's personal-injury action, the Board had agreed to accept $341,250 in full and final satisfaction of its workers' compensation lien. TFM argued that the "Board [was] seeking to obtain a double recovery of its alleged loss."

¶ 16    The trial court denied TFM's motion to dismiss. The court stated that based on the indemnity clause's plain language, reimbursement turned on whether the workers' compensation claims arose out of TFM's negligence. It was noted that the personal-injury action settled without a finding of negligence on the part of TFM. The court added, however, that since TFM's motion to dismiss was brought under section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)), the court was required to draw inferences of negligence from the facts alleged. As a result, the court determined that the Board adequately pled a breach of the indemnity clause. The court also found that the Board was not seeking a double recovery, since the broad language of the indemnity clause provided for the reimbursement of all losses resulting from TFM's negligence, including the recovery of attorney's fees.

¶ 17    On October 15, 2024, TFM filed a motion for summary judgment. TFM argued that the Board failed to provide evidence in support of its allegations of negligence and therefore TFM's

contractual obligation to indemnify "was never triggered." The Board responded that whether TFM was actually negligent was irrelevant as the broad language of the indemnity clause required indemnification for "both actual and alleged negligence."

¶ 18    In a January 9, 2025 order, the trial court granted the Board leave to amend its complaint to remove certain allegations contained therein. Paragraphs that began with "TFM was negligent" and "As a result of TFM's negligence" were withdrawn and stricken by agreement of the parties. The parties also agreed that, "[a]s to Count II, Paragraph 18, beginning with 'TFM failed to perform,' Paragraph 19, beginning with 'In particular,' and Paragraph 19 [sic], beginning with 'These breaches' are withdrawn by agreement of counsel and stricken from the First Amended Third Party Complaint."

¶ 19    On January 21, 2025, the trial court granted TFM's motion for summary judgment. The court initially observed that the Board had withdrawn "all allegations of TFM's negligence." It then noted that the Board paid Delmonico's workers' compensation claim pursuant to its statutory obligation under the Act, and that the obligation "did not arise from, require or involve any allegations of negligence by TFM." As a result, the court found that it was immaterial that Delmonico accused TFM of negligence in the personal-injury action. In support of this finding, the court relied on *Cozzone v. Garda GL Great Lakes, Inc.*, 2016 IL App (1st) 151479, ¶ 12, which held that the Act "requires employers to compensate their employees for job-related injuries or illnesses, regardless of fault." The court concluded that the Board did not adduce "evidence of any alleged negligent acts or omissions by TFM sufficient to support its claims and defeat summary judgment."

¶ 20    The trial court subsequently entered an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), finding no just reason to delay appeal. This timely appeal followed.

¶ 21                                    II. ANALYSIS

¶ 22    On appeal, the Board contends the trial court erred in granting summary judgment in favor of TFM. The court's ruling was based on its determination that the indemnification clause, which was triggered in the event of a finding of negligence on the part of TFM, was never triggered because the Board withdrew its allegations of negligence against TFM. We agree with the court's reasoning.

¶ 23    "The purpose of summary judgment is to determine whether a genuine issue of material fact exists that would require a trial." *Hodges v. St. Clair County*, 263 Ill. App. 3d 490, 492 (1994). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). "In determining whether a genuine issue as to any material fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 518 (1993).

¶ 24    "A triable issue precluding summary judgment exists where the material facts are disputed, or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). "Although the plaintiff need not prove his case at the summary judgment stage, he must present sufficient evidence to create a genuine issue of material fact." *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 470 (2010). "The interpretation of a contract is a question of law and may be decided on a motion for summary judgment." *Wiberg v. Metro Storage, LLC*, 2024 IL App (1st) 240271, ¶ 50. A trial court's grant of summary judgment and the interpretation of a contract are both reviewed *de novo*. *Sonrai Systems, LLC v. Law Offices of Edward T. Joyce & Associates,*

*P.C.,* 2025 IL App (1st) 231973, ¶ 20; *WLM Retail Trust v. Tramlaw Remainderman Limited Partnership*, 2018 IL App (1st) 170819, ¶ 16.

¶ 25    We now look to the indemnity clause and interpret its provisions. "An indemnity clause in a contract is subject to the general rules of contract interpretation applicable to any other contractual provision." *Enterprise Leasing Company of St. Louis v. Hardin*, 2011 IL App (5th) 100201, ¶ 21. "The cardinal rule is to give effect to the parties' intent, which is discerned from the contract language." *Arris Group, Inc. v. Cyberpowers Systems (USA), Inc.*, 2021 IL App (1st) 191850, ¶ 31. "Unambiguous language should be given its plain and ordinary meaning." *Id*. The indemnity clause at issue required TFM to indemnify the Board for:

> "[A]ll liabilities, losses, penalties, damages and, expenses, including costs and attorney fees, arising out of all claims, liens, damages, obligations, actions, suits, judgments or settlements, or causes of action, of every kind, nature and character arising or alleged to arise out of the negligent or willful acts or omissions of [TFM]."

¶ 26    We find this language broad enough to encompass reimbursement for payments made and costs incurred in connection with workers' compensation claims if those claims arose out of the negligence of TFM. "In short, but for TFM's alleged negligent conduct, the Board would not have been named as a party to the Delmonico workers' compensation case." *Westfield Insurance Company*, 2021 IL App (1st) 210531-U, ¶ 30.

¶ 27    TFM's obligation to indemnify the Board was contingent upon demonstrating that Delmonico's injuries were caused by TFM's negligence. Having found that the contract had the potential to cover workers' compensation claims, we now turn to the question of whether the Board was an additional insured for the purposes of indemnification. The Board argued it was entitled to indemnity as an additional insured due to TFM's negligent conduct in failing to maintain the floor

in a safe manner. In other words, but for TFM's negligence in cleaning the floor, Delmonico would have never injured himself, triggering a claim under the Act.

¶ 28    The trial court found the lack of proof regarding TFM's negligence fatal to the Board's claim of indemnification. We agree.

¶ 29    Not only did the Board offer no proof as to the cause of Delmonico's fall, it withdrew its allegations that TFM was responsible. On appeal, the Board argues that "[t]he fact the Board was not alleging negligence against TFM is immaterial." However, the contract makes clear that to trigger coverage, the injury must be the result of TFM's negligence. The Board has simply offered no evidence of such and has withdrawn certain allegations pointing to negligence on TFM's part. Coverage was possible but was dependent upon the negligent acts of TFM. Without proof of negligence, the Board was not an additional insured for the purpose of indemnification.

¶ 30                                III. CONCLUSION

¶ 31    Accordingly, for the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of TFM on the issue of indemnity coverage.

¶ 32    Affirmed.