(No. 90993)

GENERAL CASUALTY INSURANCE COMPANY, Appellee, v. GEORGE W. LACEY, Appellant.

*Opinion filed April 18, 2002.*

John A. Slevin and John R. Pusey, of Vonachen, Lawless, Trager & Slevin, of Peoria, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, Craig L. Unrath and Rex K. Linder, of counsel), for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The issue presented is whether, under the facts of this case, the liability-limit exhaustion clause in General Casualty Insurance Company's underinsured-motorist policy is valid and enforceable. We hold that it is.

## BACKGROUND

On June 22, 1991, George W. Lacey was operating a

car that was involved in a motor vehicle accident. At the time of the accident, Lacey was covered by an underinsured-motorist policy issued by General Casualty. That policy provided coverage limits of $100,000 per accident and $300,000 per occurrence, and included the following liability-limit exhaustion clause:

"We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements, unless we:

(1) Have been given written notice in advance of a settlement between an 'insured' and the owner or operator of the 'underinsured motor vehicle;' and

(2) decide to advance payment to the 'insured' in an amount equal to the tentative settlement."

The other driver involved in the accident was insured by Allstate Insurance Company under a policy providing bodily injury liability limits of $50,000 per person and $100,000 per accident.

In the summer of 1997, Lacey settled with Allstate for $42,500. Lacey then filed a claim with General Casualty for underinsured-motorist benefits. General Casualty denied the underinsured-motorist claim, insisting that underinsured-motorist coverage was not triggered because the $42,500 settlement did not exhaust the at-fault driver's bodily injury liability limits. In addition, General Casualty sought a declaration from the trial court that Lacey was not entitled to underinsured-motorist benefits. In response, Lacey conceded that the $42,500 settlement with Allstate failed to exhaust the at-fault driver's bodily injury liability limits. Nevertheless, Lacey argued that he was entitled to underinsured-motorist benefits because General Casualty's liability-limit exhaustion clause was void as against public policy. Both parties moved for summary judgment, and the trial court entered summary judgment in General Casualty's favor. With one justice dissenting, the appellate court affirmed. No. 3—99—0977 (unpublished order under

Supreme Court Rule 23). We granted Lacey's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## ANALYSIS

Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2000); *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 349 (1998). The standard of review for the entry of summary judgment is *de novo*. *Ragan*, 183 Ill. 2d at 349.

Before this court, Lacey again argues that General Casualty's liability-limit exhaustion clause is void as against public policy. In support of this argument, Lacey points to the current enactment of section 143a—2(7) of the Illinois Insurance Code, which provides:

> "A policy which provides underinsured motor vehicle coverage may include a clause which denies payment until the limits of liability or portion thereof under all bodily injury liability insurance policies applicable to the underinsured motor vehicle and its operators have been partially or fully exhausted by payment of judgment or settlement. A judgment or settlement of the bodily injury claim in an amount less than the limits of liability of the bodily injury coverages applicable to the claim shall not preclude the claimant from making an underinsured motorist claim against the underinsured motorist coverage." 215 ILCS 5/143a—2(7) (West 2000).

Conceding that this version of section 143a—2(7) did not become effective until January 1, 1997, Lacey nevertheless argues—without any citation to authority—that the validity of General Casualty's liability-limit exhaustion clause "should be governed by the law in effect at the time of settlement."

We must reject Lacey's argument. While we agree with Lacey that statutes represent an expression of pub-

lic policy (*State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369, 372 (2001)), it is equally well settled that "[s]tatutes in force at the time an insurance policy *was issued* are controlling." (Emphasis added.) *State Farm*, 197 Ill. 2d at 372; *Cummins v. Country Mutual Insurance Co.*, 178 Ill. 2d 474, 482 (1997). This principle is rooted, of course, in both the constitutional prohibition on the impairment of contracts (U.S. Const., art. I, § 10; Ill. Const. 1970, art. I, § 16) and the maxim that all applicable statutes in effect at the time a policy is issued are deemed a part of the policy. See, *e.g.*, *Kapinus v. State Farm Mutual Automobile Insurance Co.*, 317 Ill. App. 3d 185, 187 (2000); *Brandt v. Time Insurance Co.*, 302 Ill. App. 3d 159, 170 (1998); *Weisberg v. Royal Insurance Co. of America*, 124 Ill. App. 3d 864, 868 (1984). Consequently, in assessing whether General Casualty's liability-limit exhaustion clause violates public policy, we look not to the law that was in effect at the time of settlement but at the law that was in effect at the time the policy was issued.[1]

Prior to the 1997 amendment, section 143a—2(7) specifically authorized General Casualty to include a liability-limit exhaustion clause in its underinsured-motorist policy. Indeed, the statutory language and the policy language are virtually identical:

> "A policy which provides underinsured motor vehicle coverage may include a clause which denies payment until the limits of liability under all bodily injury liability insurance policies applicable to the underinsured motor vehicle and its operators have been exhausted by payment of judgment or settlement." 215 ILCS 5/143a—2(7) (West 1992).

Given that the liability-limit exhaustion clause in General Casualty's underinsured-motorist policy was expressly authorized by section 143a—2(7) at the time

---

[1]Although the exact date of the policy's issuance is unknown, the parties agree that the policy was issued prior to the effective date of the 1997 amendment to section 143a—2(7).

Lacey's policy was issued, that clause by definition conforms to public policy and is fully enforceable.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*