# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*R.M. Lucas Co. v. Peoples Gas Light & Coke Co.*, 2011 IL App (1st) 102955

| | |
|---|---|
| Appellate Court Caption | R.M. LUCAS COMPANY and CHICAGO TITLE LAND TRUST No. 3000121848, Plaintiffs-Appellants, v. THE PEOPLES GAS LIGHT AND COKE COMPANY, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-10-2955 |
| Filed | December 14, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a negligence action against a gas utility arising from a fire and explosion allegedly caused by the failure of the gas pipe serving plaintiffs' building, the denial of plaintiffs' petition under section 2-1401 of the Code of Civil Procedure to vacate the dismissal of their action with prejudice was affirmed where plaintiffs defied the trial court's discovery deadlines and ignored defendant's discovery requests. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-L-2572; the Hon. Ronald S. Davis, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Charles J. Ryan, of O'Connell & Ryan, of Chicago, for appellants.

Joann T. Angarola, David M. Macksey, and Garret L. Boehm, Jr., all of
Johnson & Bell, Ltd., of Chicago, for appellee.

Panel

JUSTICE MURPHY delivered the judgment of the court, with opinion.
Presiding Justice Steele and Justice Salone concurred in the judgment and
opinion.

## OPINION

¶ 1        Plaintiffs, R.M. Lucas Co. (Lucas) and Chicago Title Land Trust No. 3000121848 (Land
Trust), appeal from an order of the circuit court of Cook County denying their petition to
vacate the court's dismissal of their action with prejudice. On appeal, plaintiffs contend that
the court erred by denying their petition to vacate where they set forth a meritorious claim
of negligence and were diligent in presenting their claim and filing their petition to vacate.
Plaintiffs further contend that dismissal of their action was an inappropriate sanction. For the
reasons that follow, we affirm.

¶ 2                                          BACKGROUND

¶ 3        On March 6, 2008, plaintiffs filed a one-count complaint alleging negligence against
defendant, The Peoples Gas Light and Coke Company, in connection with a fire/explosion
in a building at 3211 South Wood Street in Chicago. Plaintiffs asserted that the incident
occurred on March 10, 2006, and that the property constituted Lucas's principal place of
business and was owned by the Land Trust. Plaintiffs further asserted that defendant owned
the gas meter and gas main for that building and had a duty to ensure that its gas line, fittings,
meter, and valves were properly installed and were maintained in a safe and reasonable
manner. Plaintiffs alleged that defendant breached its duty in numerous ways and that they
had suffered property damage and incurred expenses as a direct and proximate result of those
breaches.

¶ 4        Defendant filed its appearance and answer, and on July 1, 2008, the circuit court entered
a case management order in which it directed that discovery was to be completed by October
28, 2008, and scheduled a case management conference for January 6, 2009. On August 19,
2008, defendant served plaintiffs with interrogatories and a request for production of
documents. On January 6, 2009, the court entered a second case management order in which
it directed that discovery was to be completed by June 30, 2009.

¶ 5        On June 15, 2009, defendant filed a motion to compel plaintiffs to answer its outstanding
interrogatories and request for production of documents. Defendant asserted that on October

-2-

17, 2008, and May 18, 2009, it had sent letters to plaintiffs pursuant to Illinois Supreme Court Rule 201(k) (eff. July 1, 2002) requesting responses to its discovery requests. On June 24, 2009, the court entered a third case management order in which it directed plaintiffs to respond to defendant's outstanding discovery requests by July 3, 2009, and scheduled a case management conference for July 15, 2009.

¶ 6        On September 16, 2009, defendant filed a motion for sanctions against plaintiffs pursuant to Illinois Supreme Court Rule 219(c)(v) (eff. July 1, 2002) in which it requested the court dismiss plaintiffs' complaint with prejudice for their repeated failure to respond to its outstanding interrogatories and request for production of documents. Defendant asserted that plaintiffs had failed to comply with discovery rules and the court's orders regarding its discovery requests and that dismissal was the only reasonable remedy. On September 24, 2009, the court entered an order continuing the motion for sanctions and requiring plaintiffs to answer defendant's interrogatories by October 1, 2009. On October 5, 2009, the court granted defendant's motion for sanctions, dismissed plaintiffs' complaint with prejudice, and stated that if plaintiffs complied with all outstanding discovery requests by November 9, 2009, it might consider vacating the dismissal. On November 9, 2009, plaintiffs filed a motion requesting the court extend the date of discovery compliance to November 20, 2009, due to a medical emergency concerning plaintiffs' counsel's daughter. Plaintiffs' motion was noticed for presentment, and on November 20, 2009, it was stricken from the call.

¶ 7        On June 4, 2010, plaintiffs filed a petition brought pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)) to vacate the circuit court's dismissal of their action. Plaintiffs asserted that they had been represented by Eugene W. Beeler, Jr., who had been their counsel for approximately 35 years and had become a trusted advisor to John L. Barry, the president and sole shareholder of Lucas and the beneficiary of the Land Trust. Barry related in his signed affidavit attached to the petition that he and Beeler had been in regular communication from the time of the incident until October 2009, when Beeler stopped answering his phone calls and returning his messages. During that time, Beeler had not informed Barry of defendant's discovery requests, the court's orders, defendant's motion for sanctions, the court's dismissal of the action, or plaintiffs' motion for an extension of time to respond to the discovery requests. Despite repeated attempts to contact Beeler, Barry was unable to obtain any information from him regarding the case from mid-October 2009 to late-February 2010, at which time he asked another attorney to check the court file and learned that the action had been dismissed. On March 16, 2010, plaintiffs retained new counsel, who familiarized himself with the case and Beeler's conduct and filed the petition at issue as soon as possible.

¶ 8        Plaintiffs maintained that they were entitled to relief from the dismissal of their action because they had set forth a meritorious negligence claim against defendant and were diligent in presenting their claim and in bringing their section 2-1401 petition. Plaintiffs also maintained that the equities warranted vacating the dismissal of their action where Beeler actively and knowingly concealed material information regarding the status of their case and dismissal with prejudice was the initial sanction imposed by the circuit court.

¶ 9        Plaintiffs also attached a signed affidavit from professional engineer Kim Mniszewski to their petition in which he related that he had investigated the explosion giving rise to

-3-

plaintiffs' complaint, that the explosion was caused by a gas leak stemming from a separated gas fitting in defendant's service equipment, and that it was unlikely that Lucas employees contributed to the explosion. Plaintiffs also attached a gas incident report from the Illinois Commerce Commission (ICC) which related that the ICC pipeline safety staff had determined that the probable cause of the explosion was a natural gas leak arising from a polyethylene service pipe that had become separated from the service head adapter to which it had been attached.

¶ 10    On August 12, 2010, defendant filed a response to plaintiffs' section 2-1401 petition in which it asserted that plaintiffs' failure to respond to its discovery requests and the court's orders was not excused by their counsel's negligence and that dismissal was an appropriate sanction. Defendant also asserted that plaintiffs had not acted with diligence in filing their petition to vacate where it was not filed until three months after Barry had allegedly learned of the dismissal of plaintiffs' claim. Plaintiffs filed a reply, and on September 16, 2010, the circuit court heard oral arguments and entered an order denying plaintiffs' petition to vacate.

¶ 11                                                    ANALYSIS

¶ 12    Plaintiffs contend on appeal that the circuit court erred by denying their section 2-1401 petition to vacate. Where a circuit court's disposition of a section 2-1401 petition is functionally equivalent to a grant or denial of summary judgment, this court will review the circuit court's ruling under the same standard as we would a ruling on a motion for summary judgment. *Mills v. McDuffa*, 393 Ill. App. 3d 940, 948 (2009); see also *People v. Vincent*, 226 Ill. 2d 1, 16-17 (2007). In this case, plaintiffs have filed a section 2-1401 petition with supporting affidavits, defendant has submitted a response in opposition, the parties have engaged in oral argument, and the circuit court has not conducted an evidentiary hearing. As such, the circuit court's denial of plaintiffs' section 2-1401 petition was the functional equivalent of a grant of summary judgment in favor of defendant, and we will therefore review the court's order under the same standard as we would a grant of summary judgment. *Mills*, 393 Ill. App. 3d at 948.

¶ 13    Summary judgment is proper where the pleadings, depositions, admissions, affidavits, and exhibits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill. 2d 278, 291 (2000). A triable issue of fact exists where there is a dispute as to a material fact or where reasonable minds might differ in drawing inferences from facts which are not in dispute. *Petrovich v. Share Health Plan of Illinois, Inc.*, 188 Ill. 2d 17, 31 (1999). We review the grant of a motion for summary judgment *de novo*. *General Casualty Insurance Co. v. Lacey*, 199 Ill. 2d 281, 284 (2002).

¶ 14    To obtain relief from a previous judgment or order under section 2-1401, a party must establish by a preponderance of the evidence a defense or claim that would have precluded entry of the judgment in the original action and its diligence in both discovering the defense or claim and presenting the petition. *Vincent*, 226 Ill. 2d at 7-8. Plaintiffs assert that they are entitled to relief from the dismissal of their action because they have set forth a meritorious

negligence claim and have demonstrated their diligence in presenting that claim to the circuit court and in bringing their section 2-1401 petition.

¶ 15    To establish the existence of a meritorious claim for purposes of obtaining relief from a previous judgment or order pursuant to section 2-1401, the petitioner must plead sufficient facts to support the allegations in its complaint. *Coleman v. Caliendo*, 361 Ill. App. 3d 850, 854-55 (2005). Plaintiffs maintain, and defendant does not dispute, that they have pleaded sufficient facts to establish a meritorious claim of negligence against defendant.

¶ 16    To state a legally sufficient claim of negligence, plaintiffs must allege facts establishing that defendant owed them a duty of care, that defendant breached that duty, and that the breach was the proximate cause of their injuries. *Thompson v. Gordon*, 241 Ill. 2d 428, 438 (2011). Gas is a dangerous commodity, and defendant therefore owed plaintiffs a duty to inspect and maintain its lines so that it could safely provide them with natural gas. *Metz v. Central Illinois Electric & Gas Co.*, 32 Ill. 2d 446, 450 (1965); *Cosgrove v. Commonwealth Edison Co.*, 315 Ill. App. 3d 651, 654-55 (2000). When viewed in the light most favorable to plaintiffs, their complaint and the signed affidavits and ICC report attached to their section 2-1401 petition raise material questions of fact as to whether defendant breached its duty to properly inspect and maintain its gas lines (*Cosgrove*, 315 Ill. App. 3d at 655) and whether that breach was the proximate cause of their injuries. We therefore determine that plaintiffs have pleaded sufficient facts to establish a meritorious claim of negligence against defendant.

¶ 17    Plaintiffs next maintain that they have demonstrated that they were diligent in presenting their negligence claim to the circuit court where Barry remained in regular contact with Beeler until he cut off contact in mid-October 2009 and their failure to respond to defendant's discovery requests was due to Beeler's active concealment of the developments in the case. Defendant responds that plaintiffs are bound by Beeler's actions and that section 2-1401 does not relieve a party of the consequences of its counsel's negligence.

¶ 18    A litigant is generally bound by the mistakes or negligence of its counsel. *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 60 (2005). A party must follow the progress of its case, and a section 2-1401 petition will not relieve a party of the consequences of its attorney's neglect of a matter. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 105 (2006). Thus, plaintiffs are bound by Beeler's actions, and section 2-1401 does not provide them with relief from the consequences of their failure to respond to defendant's discovery requests or comply with the circuit court's orders.

¶ 19    Plaintiffs assert that they should be relieved from the consequences of Beeler's conduct because this case presents an extraordinary situation that warrants such relief. In support, plaintiffs first cite to *Cohen v. Wood Brothers Steel Stamping Co.*, 227 Ill. App. 3d 354, 360 (1992), in which this court reversed the denial of the plaintiff's section 2-1401 petition where the plaintiff's counsel "abruptly and unexplicably [*sic*] abandoned both his client and his law firm without attending court and without adequately documenting the files for which he retained responsibility." In doing so, the court held that the interests of justice and fairness compelled the exercise of its equitable powers and required the application of a relaxed due diligence standard. *Id.* Plaintiffs also cite to *Coleman v. Caliendo*, 361 Ill. App. 3d at 855-56, in which this court relied on *Cohen* in affirming the grant of the plaintiff's section 2-1401

petition where the plaintiff's counsel inexplicably and abruptly abandoned him prior to trial.

¶ 20    Just as in *Cohen* and *Caliendo*, in this case plaintiffs' failure to diligently present their negligence claim to the circuit court was caused by the unanticipated and inexplicable conduct of Beeler where he failed to comply with defendant's discovery requests or the court's orders or inform Barry of such requests and orders. Thus, plaintiffs would seem to be entitled to relief pursuant to this court's holdings in *Cohen* and *Coleman.*

¶ 21    Defendant maintains, however, that this court should not follow its prior holding in *Cohen* or *Coleman* because those decisions have little, if any, precedential value following our supreme court's subsequent decision in *People v. Vincent*, 226 Ill. 2d 1 (2007). In *Vincent*, 226 Ill. 2d at 5, the defendant's section 2-1401 petition challenging the validity of his sentences was denied by the trial court, and that denial was then affirmed by the appellate court. *Id.* The question raised before our supreme court was "whether a trial court may dispose of a properly served section 2-1401 petition without benefit of responsive pleadings and without giving the petitioner notice of the impending ruling and the opportunity to address the court prior to the ruling." *Id.* The court answered that question in the affirmative (*id.* at 9, 12-14) and ultimately affirmed the trial court's dismissal of the defendant's section 2-1401 petition on the merits (*id.* at 18-19).

¶ 22    In doing so, the court examined its prior decisions regarding section 2-1401 petitions and determined there were five possible dispositions of such a petition: "the trial judge may dismiss the petition; the trial judge may grant or deny the petition on the pleadings alone (summary judgment); or the trial judge may grant or deny relief after holding a hearing at which factual disputes are resolved." *Id.* at 9. The court emphasized that actions brought pursuant to section 2-1401 are civil proceedings and are to be litigated in accordance with the usual rules of civil procedure regardless of whether the petitioner is seeking relief from a civil or criminal judgment. *Id.* at 11. The court then addressed the standard of review that is to be applied to a trial court's ruling on a section 2-1401 petition and concluded that the standard of review will vary depending on the type of disposition ordered by the trial court. *Id.* at 17.

¶ 23    In reaching that conclusion, the court noted that it had previously held that a reviewing court was to review a trial court's ruling on a section 2-1401 petition under an abuse of discretion standard. *Id.* at 14. However, the court determined that the use of that standard was "the result of an erroneous belief that a section 2-1401 petition 'invokes the equitable powers of the court, as justice and fairness require.' " *Id.* at 15 (quoting *Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 613 (1963)). The court explained that section 2-1401 had equitable origins in the common law writs it replaced and that when the legislature abolished those common law writs in favor of a statutory remedy, "it became inaccurate to continue to view the relief in strictly equitable terms." *Id.* at 15-16. The court further reasoned that the application of civil practice rules and precedent to section 2-1401 petitions "factored out any notions about a trial court's 'discretion' to do justice" and that it made little sense to apply an abuse of discretion standard when relief was no longer purely discretionary. *Id.* at 16.

¶ 24    In *Cohen*, 227 Ill. App. 3d at 360, this court explained that it was exercising its equitable powers in the interests of fairness and justice by reversing the denial of the plaintiff's section

2-1401 petition. In *Coleman*, 361 Ill. App. 3d at 856, this court affirmed the grant of the plaintiff's section 2-1401 petition based on the same reasoning employed in *Cohen* and on considerations of justice and fairness. In *Vincent*, 226 Ill. 2d at 15-16, our supreme court explained that the belief that a section 2-1401 petition invokes the equitable powers of the court was mistaken and that the application of civil practice rules and precedent to such petitions factored out any notions regarding a court's discretion to do justice. Thus, the equitable considerations upon which this court based its decisions in *Cohen* and *Coleman* are no longer relevant in resolving a section 2-1401 petition and those cases have been overruled by *Vincent* to the extent this court held that a relaxation of the due diligence standard is appropriate where petitioner's counsel has engaged in unanticipated and inexplicable misconduct. We therefore decline to relax the due diligence standard in this case or depart from the general rule that a party is bound by the mistakes and negligence of its counsel. As such, we determine that plaintiffs were not diligent in presenting their negligence claim to the circuit court where they failed to respond to defendant's discovery requests or comply with the circuit court's orders and therefore conclude that the circuit court did not err in denying their section 2-1401 petition to vacate.

¶ 25 Plaintiffs further contend that they are entitled to relief under section 2-1401 because the circuit court's dismissal of their action with prejudice was an inappropriate sanction. Initially, plaintiffs have not demonstrated that they were diligent in discovering their claim that the court entered an inappropriate sanction by a preponderance of the evidence where the court granted defendant's motion for sanctions on October 5, 2009, and they did not challenge that ruling until they filed their section 2-1401 petition on June 4, 2010. To the extent plaintiffs allege that the delay was attributable to the misconduct of Beeler, they are not relieved of the consequences of his actions for the reasons stated above.

¶ 26 Moreover, the sanction entered by the circuit court in this case was not inappropriate. The purpose of imposing sanctions is to coerce compliance with court rules and orders, and the decision to impose sanctions lies within the sound discretion of the circuit court and will not be disturbed on review absent an abuse of that discretion. *Koppel v. Michael*, 374 Ill. App. 3d 998, 1004 (2007). In determining whether a sanction was warranted, a reviewing court must consider the conduct that gave rise to the sanction order and the effect of that conduct on the parties. *Hartnett v. Stack*, 241 Ill. App. 3d 157, 173 (1993).

¶ 27 The record shows that defendant filed a motion requesting sanctions against plaintiffs pursuant to Illinois Supreme Court Rule 219(c)(v) and that the circuit court granted that motion. Rule 219(c)(v) provides that a party's claims may be dismissed with or without prejudice as a sanction for unreasonably failing to comply with discovery rules. Ill. S. Ct. R. 219(c)(v) (eff. July 1, 2002). Dismissal of a cause of action is a drastic sanction that is justified only when the sanctioned party has shown a deliberate, contumacious, or unwarranted disregard for the court's authority. *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 123 (1998).

¶ 28 In this case, defendant provided plaintiffs with its discovery requests on August 19, 2008, and the circuit court directed that discovery was to be completed by October 28, 2008. Despite defendant's numerous requests for responses to its discovery requests and the court's orders setting discovery deadlines and directing plaintiffs to respond to the discovery

requests, plaintiffs had not yet provided any response on October 5, 2009, when the court granted defendant's motion for sanctions. In dismissing plaintiffs' action, the court indicated that it might consider vacating the dismissal if plaintiffs complied with all outstanding discovery requests by November 9, 2009, but plaintiffs failed to do so. As such, the circuit court did not abuse its discretion by dismissing plaintiffs' action with prejudice where they defied discovery deadlines set by the court and ignored defendant's discovery requests. *Vaughn v. Northwestern Memorial Hospital*, 210 Ill. App. 3d 253, 261-62 (1991).

¶ 29    We also note that while we are affirming the denial of plaintiffs' section 2-1401 petition to vacate the circuit court's dismissal of their action against defendant with prejudice, they may be able to obtain some relief for their injuries from the explosion and fire giving rise to their negligence claim in a civil action. See *Wolfe v. Wolf*, 375 Ill. App. 3d 702, 709 (2007) (to establish a legal malpractice claim, a plaintiff must establish the existence of an attorney-client relationship establishing a duty on the part of the attorney, a breach of that duty by the attorney, the fact that it would have prevailed on the underlying action but for the attorney's negligence, and actual damages).

¶ 30                                    CONCLUSION

¶ 31    Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 32    Affirmed.