2024 IL App (1st) 230306-U

No. 1-23-0306

Order filed April 12, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| IN RE THE ESTATE A.D., a Minor | ) | Appeal from the |
| (Rachel E. Carafotes, Petitioner-Appellant, v. | ) | Circuit Court of |
| Kelly J. Hull., As Plenary Guardian of the Person | ) | Cook County. |
| of the Minor, Respondent-Appellee). | ) | |
| | ) | |
| | ) | No. 2018 P 4818 |
| | ) | |
| | ) | Honorable Amee E. Alonso |
| | ) | Judge, Presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Justices Mikva and Lyle concurred in the judgment.

**ORDER**

¶ 1     *Held:*   Where the circuit court did not hold an evidentiary hearing, the court erred when it denied Appellant's section 2-1401 petition seeking to vacate the order appointing Appellee as guardian of the person of the minor based on lack of personal jurisdiction; reversed and remanded.

¶ 2     Appellant, Rachel E. Carafotes, appeals from the circuit court's order denying her amended motion to vacate the order appointing a guardian for the minor, A.D., brought pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)), in which she sought to vacate the circuit court's November 21, 2018, order appointing Appellee, Kelly J. Hull, as guardian of the minor. On appeal, Carafotes contends that the court

erred when it denied her motion to vacate because the November 21, 2018, order appointing Hull as guardian of the minor was void based on lack of personal jurisdiction. We reverse and remand for the court to hold an evidentiary hearing.

¶ 3                                    I. BACKGROUND

¶ 4        Carafotes is the biological mother of the minor, A.D., who was born on March 8, 2017. On November 21, 2018, the circuit court entered an order appointing Hull, the minor's great aunt, as the guardian of the person of the minor. In April 2022, Carafotes filed a petition to vacate that order, which the court denied on January 19, 2023. The following is a summary of the documents contained in the common law record.

¶ 5             Petition and Order Appointing Hull as the Minor's Guardian

¶ 6        On July 13, 2018, Carafotes, as petitioner, filed a petition for guardian of the minor. The petition stated that it was in the minor's best interests that a guardian of the person of the minor be appointed based on "complications arising out of a domestic violence incident with the child's father." The petition, which Carafotes signed, requested the court appoint Hull as guardian of the person of the minor. Attorney Jack Prato signed the petition under the attorney certification section, and his attorney information is provided at the bottom of the document.

¶ 7        Carafotes attached a notarized affidavit to the petition, in which she averred that she was "willfully petitioning" the court for the appointment of Hull as the guardian of the minor for "her protection" and requested that Hull be appointed as "temporary guardian." She stated that on August 14, 2017, a court in the state of New York entered an order of protection and a no contact order against the minor's father for a five-year period "due to a domestic violence incident." Carafotes also attached to the petition a document entitled "Temporary Guardianship Agreement," which was notarized and signed by both Carafotes and Hull on June 27, 2018, and

stated that Carafotes "grant[s] temporary guardianship" of the minor to Hull and her husband, Mark Hull, from July 18, 2018, to July 18, 2019.

¶ 8        On August 7, 2018, Carafotes filed a "motion for appointment of guardian of a minor," in which she requested in her prayer for relief that the court "appoint [Hull], as Guardian of the Person" of the minor. The preamble of the motion, which Carafotes signed, states as follows: "Now comes the Petitioner, Rachel Carafotes, by and through her attorneys, PRATO & ASSOCIATES, P.C., and moves this Honorable Court for an order appointing Kelly Hull as Guardian of the Person for the minor." The motion states that on June 27, 2018, Carafotes and Hull entered into a temporary guardianship agreement through July 18, 2019.

¶ 9        The record contains a notice of motion addressed to Hull and certified by Attorney Prato that set the motion for appointment of a guardian for September 5, 2018. The motion was continued two times. Then, on November 21, 2018, the circuit court entered an order appointing Hull as guardian of the person of the minor. The order indicates that the matter was before the court on the verified petition of Carafotes, that due notice was given, and that the bond of the guardian was approved. The record does not contain a transcript of the November 21, 2018, court date.

¶ 10        On the same date, the court also entered a separate order, which stated that a court in New York had entered a five-year order of protection against the minor's father and that, "[p]ursuant to a Temporary Guardianship Agreement [b]etween the [g]uardian of the child's mother to protect the child due to the exigent & emergency circumstances; the six month residency requirement is waived." The court also entered an "Oath and Bond of Representative-No Surety" form, in which Hull indicated that she would discharge faithfully the duties of the office of representative. The form was signed by Hull and Attorney Prato's information was

included in the attorney information section at the bottom, indicating he was the attorney for the representative, Kelly Hull.

¶ 11                                    Petition to Discharge the Guardian

¶ 12      On December 20, 2019, Carafotes, through a different attorney, filed a "Petition to Discharge a Guardian-Minor Estate," in which she alleged that there was a change in circumstances since the time of the appointment of the present guardian. She stated that Hull, "appearing with counsel, Attorney Jack V. Prato" was appointed the guardian of the minor on November 21, 2018, without her knowledge and consent. She further stated that she never gave legal consent to the appointment of the guardian, that she did not sign the August 7, 2018, motion for appointment of guardian, that she was never served with notice of any court proceedings, and that Hull was alienating her from the minor and refused to return the minor to her pursuant to the temporary agreement. Carafotes requested that Hull be discharged as guardian of the person of the minor.

¶ 13      The record contains various orders and motions filed between June 2020 and February 2022, including, among other things, Prato's "motion to withdraw from representation," an order appointing a guardian *ad litem* (GAL) for the minor, the GAL's report, and petitions relating to Carafotes' visitation of the minor. In February 2022, Carafotes moved to continue the April 2022 trial dates that had been set on her petition to discharge guardianship. Thereafter, on March 2, 2022, the court entered an order that struck the previously set trial dates and stated that Carafotes voluntarily withdrew her petition to discharge the guardian. In that order, the court also granted Carafotes time to file a motion to vacate the order appointing the guardian based on improper service and lack of notice.

¶ 14      Petition to Vacate the November 21, 2018, Order Appointing Guardian of Minor

¶ 15    On April 1, 2022, Carafotes moved to vacate the November 21, 2018, order appointing guardian of the minor and then on August 16, 2022, she filed the "amended motion to vacate order appointing guardian of a minor entered on November 21, 2018 and for other relief" (section 2-1401 petition) at issue here, in which she requested that under section 2-1401 of the Code, the court vacate the November 21, 2018, order based on lack of personal jurisdiction. She argued that she was never served with process and that she did not receive notice of the petition or motion for appointment of guardian of the minor or the orders that continued the case to November 21, 2018. She asserted that Attorney Prato filed the petition and motion as her attorney but that he was Hull's attorney and did not represent her. Carafotes claimed that Attorney Prato was able to avoid serving her by presenting himself as her attorney. She stated that the "questionable nature" of Attorney Prato's status in the case "contaminates this entire proceeding" and that the manner in which he brought this matter to the court made it possible for the court to enter a plenary guardianship order rather than a temporary agreement to which she had agreed. She also asserted that neither Hull nor the minor's father were served with process and that no parties filed an appearance in the case.

¶ 16    Carafotes attached to her petition a document entitled "substitution of attorneys" signed by Hull that stated that Attorney Prato withdrew his appearance for Hull, the petitioner. Carafotes also attached an affidavit in which she averred that she "never agreed or consented to [Hull] being appointed as plenary guardian" over the minor. She also attached the temporary guardianship agreement as well as the August 2018 motion for appointment of guardian, in which she stated that she had entered into a temporary guardianship agreement with Hull for the period of June 27, 2018, through July 18, 2019. She attached the court's September 5, 2018, continuance order, which contained Attorney Prato's contact information and indicated that he

was the attorney for the minor, and the November 5, 2018, continuance order, which provided that Attorney Prato was the attorney for the estate. She also attached the "oath and bond of representative-no surety" form that contained Attorney Prato's information at the bottom and indicated he was the attorney for the representative, Hull.

¶ 17       Hearing and Order on the Petition to Vacate the November 21, 2018, Order

¶ 18       On January 19, 2023, the court held a hearing on Carafotes' section 2-1401 petition to vacate the November 21, 2018, order. Carafotes' counsel argued that the court did not have personal jurisdiction when it issued the November 21, 2018, order appointing the guardian and that the order should be vacated as void. Counsel argued that the necessary parties were not served and did not receive proper notice of the November 21, 2018, hearing date.

¶ 19       Counsel argued that Attorney Prato had filed "the underlying complaint with this court purportedly as counsel" for Carafotes but that he did not have an attorney-client relationship with her. Counsel stated that Attorney Prato filed a "probate division cover sheet" that declared he was the attorney for the minor and that on the court's December 5, 2018, continuance order, he also indicated he was the attorney for the minor. Counsel further stated that Attorney Prato indicated on the court's November 5, 2018, order, that he was the attorney for the estate, and that on the "bond of representative" form entered on November 21, 2018, he declared he was the attorney for Hull. Counsel asserted that Attorney Prato, in response to an Attorney Registration and Disciplinary Commission complaint, had stated that "he was contacted by the guardian about this action with the payment for all of his legal services were paid via the guardian." Counsel then argued that Attorney Prato was "acting as [*sic*] all times as counsel for Ms. Hull," and asserted that he had filed a "substitution of attorneys" form in which he "affirmatively withdraws his appearance, 'as attorney for Kelly Hull, Petitioner.' "

6

¶ 20    Counsel also argued that the court lacked jurisdiction and did not have authority to enter a plenary guardianship order because no request was made to the court to appoint a plenary guardian. Counsel stated that the petition for guardian of the minor did not "speak to the entire pleading that was presented to the court," arguing that the temporary guardianship agreement between Carafotes and Hull that was attached to the petition "spoke to the relief" that the parties requested.

¶ 21    In response, Hull's counsel argued that if Attorney Prato were in court, he would say that "[Carafotes] contacted him," and "[i]f we look at the truth of the pleadings, I think it makes more sense to believe [Carafotes] was really seeking guardianship for [the minor] based upon where she was at in her life, rather than these allegations that Kelly Hull somehow precipitated and was forcing the matter of guardianship." Counsel argued that there was no basis for the court to vacate the November 21, 2018, order appointing the guardian, asserting, among other things, that "at that time [Carafotes] had an attorney" and she signed the petition to appoint Hull as guardian.

¶ 22    Following argument, the court denied Carafotes' section 2-1401 petition, finding that the November 21, 2018, order was not void. In doing so, the court stated that Carafotes was the petitioner in the case and signed the petition such that she could not claim no personal jurisdiction. This appeal followed.

¶ 23                                    II. ANALYSIS

¶ 24    On appeal, Carafotes contends that the November 21, 2018, order is void for lack of personal jurisdiction and that the circuit court erred in denying her section 2-1401 petition that sought to vacate that order. She asserts that she did not receive service of process or notice of the court dates leading up to the entry of that order, including the November 21, 2018, hearing. She

states that Hull retained Attorney Prato to help obtain legal guardianship over the minor and that Attorney Prato presented himself as Carafotes' attorney when he filed the July 13, 2018, petition for guardian of minor and the August 7, 2018, motion for appointment of guardian of a minor and that, by doing so, he was able to avoid serving her. She asserts that she agreed for Hull to act as temporary guardian for one year but never agreed for Hull to be appointed as a plenary guardian. She maintains that had she been notified of the November 21, 2018, hearing, she would have objected to the plenary guardianship and would have informed the court about the temporary guardianship agreement.

¶ 25       Section 2-1401 of the Code "provides a method by which a litigant can collaterally attack a judgment previously entered in a case." *Casteel v. Jiminez*, 2022 IL App (1st) 201288, ¶ 22. "An action under section 2-1401 constitutes a civil proceeding subject to the usual rules of civil practice" and, therefore, "section 2-1401 petitions are fundamentally complaints that invite responsive pleadings." *Tuna v. Airbus, S.A.S.*, 2017 IL App (1st) 153645, ¶ 32.

¶ 26       Generally, petitions brought pursuant to section 2-1401 "must be filed within two years of the order or judgment," and "must allege a meritorious defense to the original action" and "show that the petition was brought with due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002) (citing 735 ILCS 5/2-1401(b), (c) (West 2000)). However, a section 2-1401 petition challenging an order or judgment as void for lack of personal jurisdiction, as here, may be filed at any time outside the two-year period. *Wells Fargo Bank, N.A., v. Sanders*, 2015 IL App (1st) 141272, ¶¶ 17, 34. Further, when a petitioner's section 2-1401 petition challenges a judgment on the basis that it was void, " 'the allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and

due diligence.' " *Department of Healthcare & Family Services ex rel. Hodges v. Delaney*, 2021 IL App (1st) 201186, ¶ 25 (quoting *Sarkissian*, 201 Ill. 2d at 104).

¶ 27      When a section 2-1401 petition is filed, "the circuit court may (1) dismiss the petition; (2) grant or deny the petition solely on the pleadings or enter summary judgment; or (3) grant or deny the petition following an evidentiary hearing." *Tuna*, 2017 IL App (1st) 153645, ¶ 32. A section 2-1401 "petition should not be dismissed unless it is clear that the petitioner could never prove any set of facts entitling him to relief." *Id.* Further, "when the facts supporting the section 2-1401 petition are challenged by the respondent, a full and fair evidentiary hearing should be held." *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 51; see *Tuna*, 2017 IL App (1st) 153645, ¶ 32. It is the petitioner's burden to prove their case "by a preponderance of the evidence in order to obtain relief." *Tuna*, 2017 IL App (1st) 153645, ¶ 32.

¶ 28      Our review of a circuit court's judgment dismissing a section 2-1401 petition alleging voidness based on lack of personal jurisdiction is *de novo*. *Ocwen Loan Servicing, LLC v. DeGomez,* 2020 IL App (2d) 190774, ¶ 15. In addition, when the circuit court dismisses a section 2-1401 petition without an evidentiary hearing, our review is *de novo*. *Willis Capital LLC v. Belvedere Trading LLC*, 2015 IL App (1st) 132183, ¶ 19; see *Tuna*, 2017 IL App (1st) 153645, ¶ 34.

¶ 29      As previously noted, in Carafotes' section 2-1401 petition, she contended that the November 21, 2018, order appointing Hull as guardian of the minor was void for lack of personal jurisdiction. A judgment is considered void if the court lacked personal jurisdiction or subject matter jurisdiction. *Casteel*, 2022 IL App (1st) 201288, ¶ 23. "Personal jurisdiction refers to a court's power to exercise authority over an individual, which can be a person or an entity, such as a corporation." *Grant v. Rancour*, 2020 IL App (2d) 190802, ¶ 21. "Personal jurisdiction

is established either by effective service of process or by a party's voluntary submission to the court's jurisdiction." *Casteel*, 2022 IL App (1st) 201288, ¶ 24. Further, "a petitioner or plaintiff submits to the jurisdiction of the court by filing a petition or complaint, 'thereby seeking to be bound to the court's resolution' thereof." *In re M.W.*, 232 Ill. 2d 408, 426 (2009) (quoting *Owens v. Snyder*, 349 Ill. App. 3d 35, 40 (2004)).

¶ 30    Here*,* the circuit court dismissed Carafotes' section 2-1401 petition to vacate the November 21, 2018, order because she was the petitioner such that she did not have to be served with process. However, we find that the record and the allegations in Carafotes' petition raise material issues of fact as to the status of the parties in the guardianship proceeding, including whether Carafotes was the petitioner and whether she authorized the guardianship petition, such that the court should have held an evidentiary hearing to determine the issues of fact.

¶ 31    In Carafotes' section 2-1401 petition to vacate, she alleged that Attorney Prato filed the petition for appointment of guardian and presented himself as her attorney but that he was Hull's attorney. She alleged that she did not receive notice of any of orders that continued the case to November 21, 2018, and that had she been notified of that court date, she would have objected to the plenary guardianship and would have informed the court of the short-term guardianship agreement to which she had agreed. She alleged that she never agreed to Hull acting as a plenary guardian and that she only agreed to a temporary guardianship for a one-year period. To support her argument, she cited the temporary guardianship agreement between her and Hull and her affidavit that were attached to the petition for guardianship, both of which were notarized and provided that she was requesting Hull to be appointed as temporary guardian.

¶ 32    Further, Carafotes attached to the section 2-1401 petition a document entitled "substitution of attorneys" signed by Hull that states that Attorney Prato withdrew his

10

"[a]ppearance as attorney for Kelly Hull, Petitioner", as well as an "oath and bond of representative-no surety" form that indicated Attorney Prato was the attorney for the representative, Hull. Carafotes also attached to her section 2-1401 petition an affidavit in which she averred that she "never agreed or consented to [Hull] being appointed as plenary guardian" over the minor and the August 2018 motion for appointment of guardian, in which she stated that she had entered into a temporary guardianship agreement with Hull for the period of June 27, 2018, through July 18, 2019.

¶ 33        In Hull's response to Carafotes' section 2-1401 petition to vacate, Hull stated that Attorney Prato's "legal services were used to assist both [Carafotes] and [Hull] in preparing legal documents and he helped both [Carafotes] and [Hull] participate in court procedures to obtain guardianship of [the minor] to Hull." She also stated that in a meeting in July 2018, Attorney Prato "explained to both [Carafotes] and [Hull] that the courts do not appoint temporary guardians and therefore, the Petition for the Appointment of Guardianship of a minor had to be filed." Hull requested the court take notice of the August 2018 motion for temporary guardian, which provided that "NOW COMES, the Petitioner, Rachel Carafotes, by and through her attorney, PRATO & ASSOCIATES," and stated it indicated Carafotes attorney-client relationship with Attorney Prato. In response to Carafotes' allegation that Hull entered into a formal attorney-client relationship with Attorney Prato, Hull stated that she "admits to working with Attorney Jack Prato although Attorney Jack Prato represented [Carafotes] in the court matters of the Guardianship" and that he "never filed an appearance on behalf of [Hull] in this case." Hull further stated that Attorney Prato assisted her "in her work necessary to be appointed as guardian while working as [Carafotes'] attorney."

¶ 34    Accordingly, based on our review of the record and the allegations contained in Carafotes' section 2-1401 petition to vacate the November 21, 2018, order, we find there are questions of fact as to the parties' status in the guardianship proceeding, including whether Attorney Prato was Carafotes' attorney in the guardianship proceeding and whether she filed and authorized the guardianship petition as the petitioner. The circuit court concluded that Carafotes was the petitioner without holding an evidentiary hearing to resolve the questions of fact raised in the pleadings. We therefore remand to the circuit court to conduct an evidentiary hearing to determine the questions of fact regarding the status of the parties in the guardianship proceeding, including whether Attorney Prato represented Carafotes in the guardianship proceedings and whether she filed and authorized the guardianship petition as the petitioner. This will resolve the question regarding whether Carafotes submitted to the court's jurisdiction by filing a petition for guardian of the minor, or whether she was the respondent such that she should have been served with process and notice of the proceedings. See *In re M.W.,* 232 Ill. 2d at 426 ("[A] petitioner or plaintiff submits to the jurisdiction of the court by filing a petition or complaint, 'thereby seeking to be bound to the court's resolution' thereof.") (quoting *Owens*, 349 Ill. App. 3d at 40); see also *R.M. Lucas Co. v. Peoples Gas Light & Coke Co.*, 2011 IL App (1st) 102955, ¶ 18 ("A party must follow the progress of its case, and a section 2-1401 petition will not relieve a party of the consequences of its attorney's neglect of a matter.").

¶ 35    We note that Carafotes also contends that the court did not have personal jurisdiction over Hull or the minor's father. However, our supreme court has stated that, "a party may 'object to personal jurisdiction or improper service of process only on behalf of himself or herself, since the objection may be waived.' " *In re M.W.*, 232 Ill. 2d 408, 427 (2009) (quoting *Fanslow v. Northern Trust Co.*, 299 Ill. App. 3d 21, 29 (1998)). Accordingly, Carafotes may raise an

12

objection to personal jurisdiction only on behalf of herself, and she does not have standing to challenge the court's personal jurisdiction over Hull or the minor's father. See *Odle v. Department of State Police*, 2015 IL App (5th) 140274, ¶ 23 ("The petitioner does not have standing to challenge the circuit court's personal jurisdiction over another party.").

¶ 36                                    III. CONCLUSION

¶ 37        The circuit court erred when it denied Carafotes' section 2-1401 petition to vacate the November 21, 2018, order appointing a guardian for the minor without holding an evidentiary hearing. For the reasons explained above, we reverse the circuit court's judgment and remand to the circuit court to hold an evidentiary hearing on the status of the parties in the guardianship proceeding, including whether Attorney Prato represented Carafotes in the guardianship proceeding and whether Carafotes was the petitioner and authorized the petition for guardian of the minor.

¶ 38        Reversed and remanded.